MAUCK, PJ, MIDDLETON and BLOSSER, JJ (4th Dist), sitting.

Messrs. Cornell Schreiber, Toledo, and John W. Hackett, Toledo, for plaintiff in error.

Messrs. Carl J. Christensen, Toledo, prosecuting attorney, and Ralph Emery, Toledo, and Joseph W. Lane, Toledo, for defendant in error.

## ZIMMERMAN v STATE

Ohio Appeals, 6th Dist, Lucas Co

No 2678. Decided May 23, 1932

MIDDLETON, J.

The right of trial by jury under the Constitution of this state is an inviolate right, and it is the settled law in obedience to the mandates of the constitution that a jury shall have exclusive power to determine the facts in all criminal cases in which the charge involves the commission of an infamous crime punishable by imprisonment. It is required in this state that in all such cases the facts in evidence must be determined and decided by the jury. It necessarily follows from this requirement that any expression of the trial court, and particularly any positive statement by that court to the jury which indicates or even intimates to the jury what opinion the court holds on the facts in evidence, is erroneous. It is an invasion of the jurisdiction of the jury and is in violation of the constitutional rights of the accused.

The contention made by Zimmerman is that he was deprived of an impartial trial by jury by reason of certain statements or instructions that the trial court gave to the jury after the case was submitted to it and while it was considering its verdict. The circumstances occurring at this time, as disclosed by the record, are that the jury had been considering the case for more than twenty four hours when on the afternoon of March 21, 1932, it was brought into open court by order of the judge. The judge then inquired of each member of the jury in respect to his or her opinion as to the probability of the jury arriving at a verdict. In response to that inquiry there appeared to be a difference in the opinion of the members of the jury, whereupon the court addressed the jury as follows:

"It seems to me that the failure of this jury to agree upon verdicts in this case must be due to the fact that some of you are permitting yourselves to be influenced by matters extraneous to and outside of the evidence in the case. The trial of this case has been lengthy and a very expensive thing to this community and no member of this panel should refuse to join with his fellow jurors in a verdict on each of these indictments for any trivial or personal reason or consideration not arising from the evidence or the lack of evidence in the case. You have heard all the testimony and examined all the exhibits in the case and under the instructions I have given you as to the law applicable herein you either are or are not convinced beyond a reasonable doubt of the truth of the charges made in these indictments. Whichever is the fact you should say so. You are all members of the regular jury panel of this court and if you are unable to agree in this case after all the consideration of it you would be unable to agree in any case and your further service as members of this panel would not only be useless but a waste of time and money to the litigants and the citizens of this community. I am now sending you out again for the further consideration of the case and I feel certain if you confine yourselves to the evidence and the law as I have given it to you you will have no difficulty in agreeing upon verdicts as to each of these indictments."

It would be difficult to conceive of a more effective method of directing a verdict, except one by an imperative order, than was adopted by the court in the foregoing statement. In the beginning of his remarks the court not only indicated that he had an opinion on the evidence but that the evidence admitted of but one conclusion, and then in no uncertain terms charged the jury with bad faith in that they must have permitted themselves in the consideration of the case to be influenced by matters outside of the evidence. These remarks left no room for any doubt as to what was in the mind of the court and what in his opinion should be the verdict under the evidence. It may be that he felt the circumstances then surrounding the situation demanded this unusual and extraordinary method of admonishing the jury, but if that were true it did not and could not legalize that which was so plainly an effort to control the action of the jury and which was a total disregard of the constitutional rights of the accused. There is nothing in the record that can remedy the vice of this instruction and nothing is necessary in addition to what has been referred to to make it impossible for a reviewing court to affirm the judgment in this case. But if by any possibility there should be any doubt as to what disposition should be made of the remarks we have discussed that doubt is wholly dissipated by the further remarks of the court by which he gave the jury a choice between returning a verdict and a humiliating discharge from further service.

We have attempted to state in the beginning the law of this case. Counsel for the state and for the accused have supplied the court with many authorities reflecting on the legal questions involved here. We see no purpose to be accomplished by discussing the authorities in detail. We will, however, refer to one case which we regard as par-

ticularly applicable to the instant case because it disposes of a situation substantially the same as we find here. The case we refer to is that of People of the State of Michigan v Thomas Strzempkowski, 10 A. L. R. 420. The syllabus in the case reads:

"It is reversible error for the court to threaten to discharge the jury from service during the rest of the term in case they fail to agree upon a verdict in the case then on trial.

The court takes judicial notice that a discharge of a jury from further service during the term, for failure to agree on a verdict in a particular case, would cause humiliation to members of the panel."

The particular language complained of in that case was this remark to the jury:

"* * * this case that you consider involves a very plain question of fact for you to determine. Now, if this jury is unable to determine such a case, I think it is the duty of the court to dismiss the jury, and call another jury, in trying the rest of these cases."

In the notes to this opinion the editor of A. L. R. makes this observation:

"No other case has been found within the scope of this note, but the decision has the support of the authorities. The American law will not tolerate any threats to, or coercion of, the jury."

The editor then quotes from the case of State v Bybee, 17 Kan. 462, as follows:

"No juror should be induced to agree to a verdict by a fear that a failure to so agree would be regarded by the public as reflecting upon either his intelligence or his integrity. Personal considerations should never be permitted to influence his conclusions; and the thought of them should never be presented to him as a motive for action."

It is contended by the state that in an instruction requested by Zimmerman immediately following the foregoing instruction the error in the former instruction, if there be an error, was cured. We are not inclined to accept the soundness of this claim in respect to what was then said by the court, but if the later remarks of the court in any way lessened the sting of what preceded them there was no withdrawal by the court of his previous instructions and no reference made to them, and they remained just

as given to the jury. This situation effectively disposes of this contention.

There is nothing in the remaining claims of Zimmerman which would warrant any interference with the judgment but for the remarks of the court to the jury as herein set forth the judgment is reversed and the cause remanded to the Court of Common Pleas for further proceedings according to law.

Judgment reversed.

MAUCK, PJ and BLOSSER, J, concur.