THE STATE OF OHIO, APPELLEE, *v.* SUTTON, APPELLANT.

[Cite as State v. Sutton, 7 Ohio App. 2d 178.]

(No. 9774—Decided May 23, 1966.)

*Mr. Melvin G. Rueger* and *Mr. Jon Jacobs,* for appellee.
*Mr. Arthur J. Reid, Jr.,* for appellant.

HOVER, J. Defendant below, appellant here, appeals his conviction of the crime of attempted burglary. The indictment charged the defendant and two others attempted to break and enter a store building in the night season with intention to steal something of value (Section 2907.10, Revised Code). Trial was had by jury; all three defendants were convicted.

Appellant cites three assignments of error: (1) the admission of incompetent evidence; (2) prejudicial comment by the judge during trial in the presence of the jury; and (3) improper comment of the prosecution relative to the failure of the appellant to testify in his own behalf.

Examination of the record of the trial testimony reveals no error relative to the admission or rejection of evidence and is, therefore, not well taken. The record before this court is silent as to any comments or objections thereto made during the course of the final argument of counsel, and, accordingly, this assignment of error cannot be considered.

Appellant, in his assignment of error No. 2, claims that during the course of the trial and in the presence of the jury, certain comments and statements of the court clearly indicated that the court had formed its own opinion as to certain evidence received in support of a necessary element of the offense and had also indicated to the jury the proper inference to be drawn from such evidence. The basis for this claimed error appears in the record, as follows:

A state's witness, under direct examination, testified as follows after previously stating that certain of the glass door and window areas of the store in question had been broken:

"Q. Did you look in the store? A. Yeah, I looked—I could see in it.

"Q. What did you see inside the door? A. There was some boxes. Cigarettes was in them.

"Q. Did you estimate how many? A. No, but a large amount."

Objection by defense counsel: "It's irrelevant to the charge we have here.

"The Court: You have to show some merchandise in it. You have to show * * * what intent, if any.

"Counsel: He is asking this witness to estimate how many cigarettes are in a box in a store.

"The Court: That is trivial. That is all right. You have to show there was merchandise in the store. Maybe it was an empty store * * * If men break in a place, the reason they break in is to steal.

"Counsel: There is no testimony anybody broke in.

"The Court: There is certain testimony so far as we have

gone of intent. There is a big pane broken out of a store door. * * * You would think—well, what do you think? For instance, why would they break a big pane, whoever it was, why would they break a big pane in the store that had merchandise in it. What do you think?

"Counsel: There is no testimony anybody did anything but break a window.

"The Court: Now, you know better than that, and you know they don't break doors and glasses for the fun of breaking them.

"Other counsel: I object to that.

"Counsel: Yes, your Honor. I would like to move for a mistrial for what has been taking place here at this time."

While the court is not wholly precluded from commenting on evidence during the course of a trial and in charging the jury, it should inform the jury that it is the sole judge of the facts. It must also be told that in arriving at a determination of the facts, it may draw reasonable and proper inferences from the testimony received. Nevertheless, the court itself is not permitted to draw these inferences for the jury, nor is the court permitted to give the jury its own opinion as to what, if any, inference is to be drawn from the testimony. This is because a jury of laymen may tend to place undue reliance on the experience and knowledge of the judge whereby the judge's own opinion may receive such emphasis that it overcomes and supplants the collective opinion of the jury.

In this case, it would appear that the court went even further and indicated that there was only one inference that could properly be drawn from the testimony offered. This was error and was prejudicial to the defendant below, the appellant here. (See *Zimmerman v. State,* 42 Ohio App. 407, and, compare, *Rose v. State,* 13 C. C. 342, 7 C. D. 226.)

The motion for a mistrial should have been granted, and the verdict and judgment below based thereon is, accordingly, set aside and the cause remanded with instructions to grant a new trial, and for other proceedings according to law.

*Judgment reversed.*

Hildebrant, P. J., and Lowe, J., concur.