STONE, APPELLANT, *v.* MCCULLION, REGISTRAR, BUREAU OF MOTOR VEHICLES, APPELLEE.

(No. C-840603 — Decided
June 26, 1985.)

*Robert L. Stone,* for appellant.

*Richard A. Castellini,* city solicitor, *Paul J. Gorman,* city prosecutor, and *Stephen J. Fagel,* for appellee.

*Per Curiam.* The single issue in this appeal is whether the trial court erred when it granted defendant's motion to dismiss at the close of the plaintiff's case.[1] We hold that the dismissal was against the manifest weight of the evidence before the court at that time. We sustain the single assignment of error.

The factual question before the court was whether plaintiff's conduct after his arrest (for driving under the influence of alcohol in violation of R.C. 4511.19) constituted a refusal to submit to a chemical test of his blood, breath or urine under R.C. 4511.191. On the ground that plaintiff had refused, defendant Registrar of the Bureau of Motor Vehicles suspended plaintiff's license to

drive for one year. Plaintiff appealed to the municipal court under R.C. 4511.191(F), and at the close of his evidence, the court dismissed the action on defendant's motion. This was error.

Plaintiff presented three witnesses: himself, his attorney, and a third party who happened to be present in the waiting room or foyer of the District 2 police station of the Cincinnati Police Division when the attorney appeared to talk to the defendant. Their testimony is entirely consistent. It presented the court with the following sequence of events. At 2:45 a.m. on August 9, 1983, defendant was stopped on the street and charged with driving under the influence. He was transported to the District 2 police station, arriving at 3:00 a.m. He requested permission to telephone his attorney and reached him on the first call. The arresting officer was in the room and terminated the phone conversation before defendant was finished. Following the advice received from his attorney, plaintiff told the officer his attorney was coming to the police station, that he did not refuse to take the chemical test, but that he wanted to discuss the matter with his attorney before he made any more decisions. The officer proceeded with the reading of the statutory form of advice. At 3:15 a.m., the attorney arrived at the police station. The arresting officer immediately told the attorney he could not speak with the defendant and that defendant had been "marked refused." At 4:00 a.m., the attorney was allowed to see defendant through a glass window separating two rooms, without

---

[1] The motion made by defendant was for a directed verdict. Because the trial was to the court without a jury, a motion for a directed verdict is totally irrelevant and inapposite. In a non-jury civil action, the motion attacking the plaintiff's right to relief is a motion to dismiss under Civ. R. 41(B)(2). *Janell, Inc.* v. *Woods* (1980), 70 Ohio App. 2d 216 [24 O.O.3d 266]. This motion, contrary to the mo- tion for a directed verdict, permits the court to weigh the evidence as the trier of fact and to render judgment against the plaintiff if in so weighing the evidence, the court decides that the plaintiff is not entitled to relief. In the instant case, we have reviewed the court's dismissal of this plaintiff's case as though the motion had been one to dismiss under Civ. R. 41(B)(2).

being able to communicate with him. At 4:15 a.m. a personal conference was permitted between attorney and client, and at 4:30 a.m. they both left the police station.

It is clear that an accused person's refusal to take a chemical test until his attorney arrives at police headquarters constitutes a "refusal," when the accused has been given thirty minutes to try to contact his lawyer and has in fact only contacted a friend who said he would try to reach the lawyer. *McNulty v. Curry* (1975), 42 Ohio St. 2d 341 [71 O.O.2d 317]. We have held that three refusals to take the test until the attorney arrives constitutes a refusal, *Farrell v. Curry* (Oct. 25, 1976), Hamilton App. No. C-75660, unreported, and that it is a refusal to take the test when the accused declines to do so until the lawyer first contacted could enlist the services of some other attorney, one experienced in drunk driving cases. *Schwartz v. Andrews* (Oct. 25, 1976), Hamilton App. No. C-75562, unreported. These cases are distinguishable from the instant case on the facts.

Law enforcement personnel have an obligation to perform the chemical tests within a fixed period of time, because the results of the tests are of limited significance if the bodily substances are withdrawn more than two hours after the time of the alleged violation. R.C. 4511.19(B). On the other hand, an arrested or detained person has a right to communicate with, to be visited "immediately" by, and to consult privately with, an attorney.[2] R.C. 2935.20. Denial of the right to communicate in the first instance violates this statutory right. *Snavely v. Dollison* (1979), 61 Ohio App. 2d 140 [15 O.O.3d 244]. These two conflicting interests can both be accommodated by using the rule of reasonableness. It is a matter of balancing one against the other, depending on the facts and circumstances of each case. As was decided in *Atwell v. State* (1973), 35 Ohio App. 2d 221, 230 [64 O.O.2d 342], the accused person can be given a reasonable period of time to make a decision about taking the test. As suggested by *Siegwald v. Curry* (1974), 40 Ohio App. 2d 313 [69 O.O.2d 293], the delay requested by the accused must be short enough so that the results of the test are not rendered inconsequential by the passage of time. No specific period of time (such as, fifteen minutes) can be laid down as reasonable or unreasonable in any and all events. We hold that under the uncontroverted facts and circumstances disclosed by plaintiff's evidence, plaintiff's conduct did not constitute a "refusal" under R.C. 4511.191(D). The dismissal of plaintiff's case was premature.

We reverse the judgment below and remand this case for further proceedings.

*Judgment reversed*
*and cause remanded.*

BLACK, P.J., and KLUSMEIER, J., concur.

KEEFE, J., not participating.

---

[2] Some courts have held that the right to counsel is a constitutional right as well as a statutory right. Annotation (1982), 18 A.L.R. 4th 705.