CITY OF COLUMBUS, APPELLEE, *v.* MAXEY, APPELLANT.

(Nos. 87AP-377 and 87AP-378—
Decided March 8, 1988.)

*Ronald J. O'Brien,* city attorney, *James J. Fais,* city prosecutor, and *David E. Tingley,* for appellee.

*James Kura,* county public defender, and *John W. Keeling,* for appellant.

COOK, J. Appellant, Gerald Maxey, was arrested on January 3, 1987, and charged with driving left of center and operating a motor vehicle while under the influence of alcohol. He was arrested by Officer Michael Chapman of the Columbus Police Department, who responded to a call for assistance from Officers Mark Kaeppner and Jeff Miller, who, in an unmarked car, were following appellant in his pickup truck northward on North High Street to his residence on Hudson Street. Chapman also followed appellant a short distance. Officer Chapman transported appellant to the city jail where appellant refused to take a breathalyzer test.

Appellant filed a motion to suppress evidence of his refusal to submit to the breath test on the ground that his refusal was based on his desire to seek the advice of counsel first. The trial court overruled his motion without conducting an evidentiary hearing.

After a jury trial, appellant was found guilty of driving while under the influence of alcohol and the trial judge found him guilty of driving left of center. He was subsequently sentenced.

Appellant has appealed the judgment of the trial court and has filed the following three assignments of error:

"1. The trial court erred when it refused to conduct an evidentiary hearing on the defendant's motion to suppress evidence when such a hearing was requested by the defendant and a factual determination was required on the admissibility of the evidence.

"2. The trial court erred when it excluded relevant and admissible evidence offered by the defendant in violation of his statutory and constitutional rights.

"3. The trial court erred when, over the objection of the defendant, it selected a single fact from the evidence and gave undue prominence to this fact by telling the jurors they could infer guilt from this evidence and by neglecting to instruct on the inferences of innocence that could also be inferred from the evidence commented upon."

The assigned errors are well-taken.

Appellant first contends the court erred in overruling his motion to suppress evidence of his refusal to take the breath test without holding an evidentiary hearing. He argues that evidence of his refusal to take the test could not be deemed a refusal and offered as evidence of his guilt if he refused in good faith because he desired to consult counsel before taking the test, and that an evidentiary hearing was necessary to determine said question.

It is not a violation of due process to use a defendant's refusal to take a blood-alcohol test as evidence of guilt. *South Dakota* v. *Neville* (1983), 459 U.S. 554. It is obvious that evidence of a refusal to take a breath-alcohol test may similarly be used without violating due process.

However, Ohio courts have recognized that not all refusals to take chemical tests to determine alcohol content are based on "consciousness of guilt." They have held that, in some instances, people may in good faith refuse to take such a test because they first wish to consult with counsel. In such a case, such a request to consult with an attorney before deciding to take the test does not constitute a refusal to take the test and therefore cannot be offered as evidence of guilt. *Stone* v. *McCullion* (1985), 27 Ohio App. 3d 112, 27 OBR 143, 500 N.E. 2d 326; *Snavely* v. *Dollison* (1979), 61

Ohio App. 2d 140, 15 O.O. 3d 244, 400 N.E. 2d 415; *Raine* v. *Curry* (1975), 45 Ohio App. 2d 155, 74 O.O. 2d 171, 341 N.E. 2d 606; *Siegwald* v. *Curry* (1974), 40 Ohio App. 2d 313, 69 O.O. 2d 293, 319 N.E. 2d 381.

The determination of whether appellant in good faith wished to consult with counsel before deciding whether to take the breath test required that an evidentiary hearing be held by the trier of fact. Only when such determination was made as to appellant's good faith could the court rule as to whether appellant had refused to take the test and his refusal could be used as evidence of guilt.

We conclude the trial court erred in not conducting an evidentiary hearing on appellant's motion to suppress.

Appellant's second contention is that the court erred in not permitting him to perform a heel-to-toe test before the jury in support of his testimony; that his inability to perform said heel-to-toe test the night he was arrested, as testified to by Officers Kaeppner and Chapman, was the result of physical problems he suffered as a result of a back injury and arthritis. He argues that his right to present evidence on his behalf, to confront evidence used against him, to due process and to a fair trial were violated by the court's ruling.

Evid. R. 401 provides:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Evid. R. 402 provides:

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio. Evidence which is not relevant is not admissible."

Since the police officers testified that appellant, on the night of his arrest, had difficulty performing the heel-to-toe test when requested to do so by the officers, and since appellant testified that he had consumed no alcohol that night and that his inability to perform the field sobriety test was caused by his physical problems, a demonstration by appellant of his ability to perform the heel-to-toe test was relevant evidence. It had a tendency to make the existence of a fact of consequence to the determination of the action less probable than it would be without the evidence.

We conclude the court erred in not permitting appellant to demonstrate his ability to perform the heel-to-toe sobriety test.

Appellant's third contention is that the court erred when it gave an improper instruction to the jury, over his objection, as to appellant's alleged refusal to take the breath test. He argues the court gave undue prominence to a single fact and should have instructed on the inferences of innocence, as well as the inferences of guilt, that arise from said refusal.

The subject instruction was as follows:

"However, if you determine that, first, the defendant was under arrest for the offense of operation while under the influence of alcohol and, second, that the defendant refused to submit to the breath examination offered by the police officer after the defendant was advised of the consequences of his refusal, such consequences read to the defendant from the form prescribed by the Registrar of Motor Vehicles and, three, the refusal was knowingly and intelligently made by the defendant, then you may consider, as part of the evidence, that the defen-

174

dant's refusal of the examination was because he believed that he was under the influence of alcohol at the time the refusal was made. The law does not require you to render this conclusion; however, it permits you to consider this as evidence along with all of the other evidence that has been submitted to you."

It is well-established that a judge in instructing a jury should not single out parts of the testimony and instruct as to the fact such testimony tends to prove. This places undue weight upon a part only of the evidence. *Lambert* v. *State* (1922), 105 Ohio St. 219, 136 N.E. 921; *Morgan* v. *State* (1891), 48 Ohio St. 371, 27 N.E. 710.

In the instant cause, the trial judge singled out the "refusal" of appellant to take the breath test and instructed the jury that, if they found that he was under arrest for operating a motor vehicle while under the influence of alcohol, refused to submit to the breath test after he was advised of the consequences of his refusal, and knowingly and intelligently refused to take the test, they could consider, as part of the evidence, that he refused because he was under the influence of alcohol at the time he refused. The court thus singled out part of the evidence and instructed as to the fact said evidence tended to prove. It was error for the court to do so.

In addition, the court's instruction was not a correct statement of the applicable law. Although the issue of whether appellant refused in good faith to take the breath test because he wished to first speak to counsel should have been determined by the court after an evidentiary hearing, the court, by the subject instruction, attempted to submit the issue to the jury. In doing so, the court failed to include the possibility that appellant refused in good faith to take the test. Therefore, his instruction was incomplete and prejudicial to appellant.

*Judgment reversed and cause remanded.*

REILLY and MCCORMAC, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate Distict.

MCCORMAC, J., concurs separately.

MCCORMAC, J., concurring. I concur with the reversal in case No. 87AP-377 of the conviction of driving while under the influence of alcohol based on the sustaining of the second and third assignments of error. However, the first assignment of error should be overruled because there was no point in the trial court's conducting an evidentiary hearing on defendant's motion to suppress the evidence of refusal to take a breath test. There is no doubt that defendant refused to take the test. The only difference in the testimony was the reason for refusing to take the test. The arresting officer testified that defendant flatly refused to take the test without giving any reason. Defendant testified that he refused to take the test because he wanted to talk to an attorney first. The jury was fully apprised of this testimony and it was strictly a jury question as to what significance to attach to defendant's refusal. It was not a question of suppressing the evidence of refusal. Defendant's good faith in refusing to take the test is not a matter for factual determination by the trial court but, rather, is evidence to be considered by the jury. Hence, the first assignment of error should be overruled.

While I agree that the trial court's instruction regarding the consequences of the refusal was one-sided in that it mentioned only what inferences must be drawn from defendant's

refusal considering the evidence most favorable to the state and did not mention any inference based upon defendant's version of the refusal, I do not agree with the statement of the majority that the issue of whether defendant refused in good faith to take the breath test because he wished to speak to counsel should have been determined by the court after an evidentiary hearing. The determination of this disputed fact was one for the jury as were the possible inferences that might arise from defendant's refusal.

Since no assignment of error has been raised concerning defendant's conviction of operating his vehicle left of center, the judgment in case No. 87AP-378 should be affirmed.