**The STATE of Ohio, Appellee,**

v.

**GRAY, Appellant.** ■

[Cite as *State v. Gray* (1993), 85 Ohio App.3d 165.]

Court of Appeals of Ohio,
Allen County.

No. 1–92–72.

Decided Jan. 21, 1993.

166

*David Radabaugh,* City Prosecutor, for appellee.

*Brian M. Fisher,* for appellant.

---

EVANS, Judge.

This is an appeal by Stephen Gray from a conviction and sentence rendered upon a jury verdict in the Lima Municipal Court for a violation of R.C. 4511.19(A)(1), driving while intoxicated.

On January 29, 1992, appellant was stopped by Trooper Franklin for speeding. As he spoke with appellant, the trooper noticed an odor of alcohol and that appellant's eyes were bloodshot and glassy. The trooper asked appellant to return with him to the cruiser, where the trooper was able to positively identify a strong odor of alcohol. Appellant performed two field sobriety tests. The first was a walk-and-turn test on which appellant was asked to walk heel to toe along an imaginary straight line. During this test appellant was unsteady; he stepped off the line three times and had to extend his arms to balance himself. On the second test, the one-leg stand, appellant was asked to stand with one foot six inches off the ground, his arms down at his side and to count to thirty. During this test appellant swayed, extended his arms and twice had to put his foot down in order to keep from falling. Appellant was arrested for driving while intoxicated and was transported to the Lima Highway Patrol Post, where he was read the implied consent form, but refused to submit to a breath test. Appellant gave no reason for his refusal.

On June 4, 1992, appellant's case was tried to a jury, which found him guilty. Because it was his fourth offense within five years, the trial court sentenced

168

appellant to one year in jail, fined him $2,500 and suspended his license for life. From this judgment, appellant appeals assigning two errors, which read:

"1. The jury's verdict finding the defendant/appellant, Stephen P. Gray, guilty of driving while under the influence of alcohol in violation of O.R.C. 4511.19(A)(1) was against the manifest weight of the evidence.

"2. The trial court erred when it instructed the jury that defendant/appellant Stephen P. Gray's refusal to submit to a breath test could be used to infer guilt without also instructing on the inferences of innocence that could be inferred from the refusal."

 Considering appellant's first assignment of error, we find sufficient evidence in the record to support the jury's verdict. When reviewing the sufficiency of the evidence supporting a criminal conviction, an appellate court's function is to examine the evidence in a light most favorable to the prosecution and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. There was sufficient evidence for the jury to convict appellant of driving while intoxicated. Appellant's first assignment of error is overruled.

Appellant's second assignment of error is more troubling due to flaws in the record, a lack of conformity to the Appellate Rules [1] and appellee's failure to provide any brief or argument on behalf of the state. In an effort to assist members of the bench and bar, prior to considering the merits of this assignment of error, we address the most serious of the flaws committed by appellant in presenting this case for our determination.

As is common with municipal court cases, this proceeding was tape-recorded pursuant to M.C.Sup.R. 8. After the notice of appeal and praecipe were filed, the tape recording was transcribed by the court reporter. In addition to several instances where the tape recording is inaudible, the transcript fails to contain side bar conferences made out of the hearing of the jury, as well as other discussions on legal matters. The difficulty with this transcript arises when appellant failed to make an objection which was audible on the tape recording, or objected when the tape recorder was not turned on. As a result, there was no objection for the reporter to transcribe. Realizing that his claim of error as to the jury instruction was not preserved by an objection evidenced in the record, appellant endeavored

1. After the record in this case was originally submitted to this court for review, it was returned to appellant for correction and compliance with the requirements of App.R. 9. After the record was resubmitted, it was necessary to contact appellant two more times in order to have the transcript properly certified by the court reporter. Therefore, we decline to provide appellant with yet another opportunity to comply with the Appellate Rules.

to rectify this omission by the application of the provisions in App.R. 9. Appellant filed a motion in the trial court to supplement the record, claiming his objection was "inadvertently omitted by the Court Reporter due to the fact that said portion of the tape recording was partially inaudible." The trial court granted the motion and ordered that the supplemental record provided by appellant be transmitted to this court. This supplement reads:

"BRIAN FISHER: Your Honor, I would like to address the Court as to the instructions before the jury convenes.

"—Stenographer's Notes—

"Thereupon took place a side bar conference which was inaudible. However, said conference concerned Defendant's objection to the instruction given by the Court as to Defendant's refusal to take the breathalyzer and the Court's instruction thereon. The Court noted the objection but overruled Defendant's request to strike the instruction."

The appellant bears the burden of showing errors by reference to matters in the record. *State v. Skaggs* (1978), 53 Ohio St.2d 162, 7 O.O.3d 243, 372 N.E.2d 1355. The preparation of the record begins, not when the notice of appeal is filed, but, rather, at the commencement of the proceedings in the trial court. The parties involved in a case must be cognizant that, in addition to presenting their case at the trial level, they are creating a record for later review. It is imperative that attorneys protect the rights of their clients by ensuring that trial proceedings are adequately recorded and preserved for appeal. Too often in municipal court proceedings the parties place too much reliance on the ability of audio recording devices to register everything that is said. The parties bear the responsibility of ensuring that important bench conferences and other discussions of legal matters are properly recorded for use in the event of an appeal. If necessary, the party requesting the conference should ask that the jury be removed from the courtroom in order to have an open discussion that will be recorded, rather than allowing the jury to remain in the courtroom and simply having a hushed sidebar conference that is later discovered to be inaudible on the court's tape recording.

When such foresight is not used to create a complete record and omissions occur, as is the case before us, the appellant must correct the record pursuant to the provisions of App.R. 9(E), which states:

"If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion

or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. * * * "

The Supreme Court of Ohio has considered the trial court's duties pursuant to App.R. 9 and stated:

" 'The terms "approval" and "conforms to the truth" as employed by Appellate Rules 9(C), (D), and (E), mean that the trial court must first determine the accuracy and truthfulness of a proposed statement of the evidence or proceedings or an agreed statement and then approve it and sign it. This gives the trial judge the responsibility, duty, and authority to delete, add, or otherwise modify portions of a proposed statement so that it will conform to the truth and be accurate before he approves it.' " *State v. Schiebel* (1990), 55 Ohio St.3d 71, 81–82, 564 N.E.2d 54, 66 quoting *Joiner v. Illuminating Co.* (1978), 55 Ohio App.2d 187, 195–196, 9 O.O.3d 340, 345, 380 N.E.2d 361, 366–367.

In the present case there is no indication the trial court found the supplemental record to be accurate and truthful. The trial court simply signed a journal entry authorizing appellant to file a supplemental record and transmit it to this court. The trial judge did not sign the supplemental record, nor did the entry indicate the approval of the supplemental record. Thus, there is no affirmative approval of the trial court shown on the record. *King v. Plaster* (1991), 71 Ohio App.3d 360, 362, 594 N.E.2d 34, 36.

In addition to lacking the trial court's approval, there is no indication in the supplement as to which specific portion of the court's jury instructions regarding appellant's refusal to submit to the breathalyzer test appellant was objecting, or why the trial court overruled this objection. Nor does the supplement indicate where, during the course of the trial, the objection was made. The place in the record where the objection was made is important because, if an objection at trial is not raised at a time when the trial court could have avoided or corrected the claimed mistake, this court need not review the claim of error. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364.

Appellant bears the obligation to ensure that the record, or at least those parts necessary to a determination of his appeal, are filed with this court. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384. In the present case, appellant's supplement to the record is insufficient to adequately demonstrate his objection at trial. Therefore, we must review any claim of error in the jury instructions under the principles of plain error.

In his second assignment of error, appellant contends the trial court's jury instructions were erroneous. The instructions at issue state:

"Evidence has been introduced regarding the Defendant's refusal to submit to a chemical examination of his breath. An individual has a right under the law of

the State of Ohio to refuse to submit to a chemical examination of his breath or any other examination the officer might have asked for. However, if an individual exercises his right to refuse to submit to such test; such refusal may give rise to a suspension of driving privileges in the State of Ohio for a minimum of one year. * * * However, if you determine that: (1) The Defendant was under arrest for the offense of operating a motor vehicle while under the influence of alcohol; and, (2) The Defendant refused to submit to the breath examination offered by the police officer after the Defendant was advised of the consequences of his refusal; such consequences read to Defendant from the form proscribed by the Registrar of Motor Vehicles; and, (3) the refusal was knowingly and intelligently made by the Defendant. Then, you may consider, as part of the evidence, that the Defendant's refusal of the examination was because he believed that he was under the influence of alcohol at the time the refusal was made. The law does not require you to render this conclusion, however, it permits you to consider this as evidence along with all of the other evidence that has been submitted to you."

The propriety of using a defendant's refusal to submit to a blood-alcohol test as evidence against the defendant has been found to violate neither the Fifth Amendment right against self-incrimination nor the right to due process. *South Dakota v. Neville* (1983), 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748. Similarly, the Supreme Court of Ohio has ruled that the refusal of a defendant to take a reasonably reliable chemical test for intoxication has probative value as to whether the defendant was intoxicated at the time of the refusal. *Westerville v. Cunningham* (1968), 15 Ohio St.2d 121, 44 O.O.2d 119, 239 N.E.2d 40.

Appellant relies on *Columbus v. Maxey* (1988), 39 Ohio App.3d 171, 530 N.E.2d 958, jurisdictional motion overruled (1988), 38 Ohio St.3d 702, 532 N.E.2d 1317, for the proposition that the trial court should not have instructed the jury to consider his refusal to take the breath test to infer guilt without also instructing on the inferences of innocence. The court in *Maxey* found error because the trial court "singled out" the defendant's refusal to submit to a breath test and told the jury it could consider that the defendant refused because he was under the influence of alcohol at the time he was asked to take the test. The court indicated that this instruction went beyond acceptable limits by telling the jury what fact the evidence tended to prove.

We do not find *Maxey* to be completely applicable to appellant's case. Maxey refused the breath test because he wanted to seek the advice of legal counsel before agreeing to submit to the test. The trial court did not mention this fact when it instructed the jury. Instead, the court told the jury it could consider that Maxey's refusal was "because he believed that he was under the influence of alcohol at the time the refusal was made." *Maxey*, 39 Ohio App.3d at 174, 530

N.E.2d at 961. Upon review, the court of appeals found the instruction "singled out" parts of the testimony and failed to include the possibility that the defendant refused to take the test because he wanted to talk to an attorney.

Unlike the situation in *Maxey*, there is no indication that appellant refused to take the breath test in order to talk to an attorney or that appellant had any basis for refusing the test other than that he knew he would fail. Therefore, *Maxey* is not dispositive of this case. Nevertheless, we conclude the instruction in appellant's trial was erroneous.

■ While it is permissible for the trial court to instruct the jury that a defendant's refusal to submit to a chemical test is evidence of his intoxication at the time of the test, the court in the present case went beyond such an instruction. The court told the jury it could consider, as part of the evidence, that appellant refused the examination because he believed he was under the influence of alcohol at the time the refusal was made. The inference of appellant's intoxication was not permitted to be made by the jury in consideration of the evidence. Rather, the jury was directed by the court that it might consider that appellant believed he was under the influence of alcohol at the time of the test. The trial court's instructing the jury as to the effect of appellant's refusal to take the breath test was prejudicial. *State v. Baugus* (Dec. 23, 1986), Union App. No. 14–85–22, unreported, at 10, 1986 WL 15046.

■ Why appellant refused to take the test was a factual issue to be considered by the jury and should not have been determined by the court. A trial court is not totally precluded from commenting on evidence during the course of trial and in charging the jury, but must guard against superseding the jury in its role as the sole fact finder. *State v. Sutton* (1966), 7 Ohio App.2d 178, 36 O.O.2d 313, 219 N.E.2d 307. Not all refusals to submit to chemical tests are based on consciousness of guilt. For instance, like the situation in *Maxey*, a defendant may refuse in order to contact his attorney. See, also, *Stone v. McCullion* (1985), 27 Ohio App.3d 112, 27 OBR 143, 500 N.E.2d 326; *State v. Rodeheffer* (1991), 61 Ohio Misc.2d 576, 580 N.E.2d 864. The instruction given by the trial court in appellant's case gave undue weight to the refusal and invaded the province of the jury.

Appellant's second assignment of error is sustained.

Having found error prejudicial to the appellant herein, in the second assignment of error, we reverse the judgment of the trial court. The cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HADLEY, P.J., and SHAW, J., concur.