

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

## NO. 1461-07

---

## ROY BOB BARTLETT, Appellant

## v.

## THE STATE OF TEXAS

---

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRTEENTH COURT OF APPEALS
## ARANSAS COUNTY

---

**PRICE, J., delivered the opinion of the court in which KELLER, P.J., and MEYERS, WOMACK, JOHNSON, KEASLER, HOLCOMB and COCHRAN, JJ., joined. JOHNSON, J., filed a concurring opinion. HERVEY, J., filed a dissenting opinion.**

## O P I N I O N

The appellant, Roy Bob Bartlett, was convicted of felony driving while intoxicated (DWI). Over the appellant's objection, the trial court instructed the jury at the conclusion of the guilt phase of trial that it was permitted to consider the fact that the appellant had refused to submit to a breath test. On appeal, the appellant asserted that this instruction constituted an impermissible comment on the weight of the evidence. The court of appeals rejected this argument, and affirmed the conviction. We granted the appellant's petition for

discretionary review to examine this holding. We will reverse the court of appeals' judgment and remand the case.

## FACTS AND PROCEDURAL POSTURE

The appellant was stopped for speeding by a state trooper while driving on August 7, 2005, in Aransas County. Suspecting that the appellant was intoxicated, the trooper asked the appellant, *inter alia*, to submit to a breath test. The appellant refused to take a breath test without the presence of his counsel. He was arrested for the offense of driving while intoxicated. At trial, the evidence of his refusal to submit to a breath test was admitted into evidence under Texas Transportation Code Section 724.061.[1] That provision reads:

> A person's refusal of a request by an officer to submit to the taking of a specimen of breath or blood, whether the refusal was express or the result of an intentional failure to give the specimen, may be introduced into evidence at the person's trial.

The appellant was convicted by the jury and sentenced to five years' confinement suspended by probation for a period of two years.

The single issue on appeal was whether the following jury instruction constituted an impermissible comment on the weight of the evidence:

> You are instructed that where a Defendant is accused of violating Chapter 49.04, Texas Penal Code, it is permissible for the prosecution to offer evidence that the defendant was offered and refused a breath test, providing that he has first been made aware of the nature of the test and its purpose. A Defendant under arrest for this offense shall be deemed to have given consent

---

[1] TEX. TRANSP. CODE § 724.061.

to a chemical test of his breath for the purpose of determining the alcoholic content of his blood.

The prosecution asks you to infer that the defendant's refusal to take the test is a circumstance tending to prove a consciousness of guilt. The defense asks you to reject the inference urged by the prosecution and to conclude that because of the circumstances existing at the time of the defendant's refusal to take such test, you should not infer a consciousness of guilt.

The fact that such test was refused is not sufficient standing alone, and by itself, to establish the guilt of the Defendant, but is a fact which, if proven, may be considered by you in the light of all other proven facts in deciding the question of guilt or innocence. Whether or not the Defendant's refusal to take the test shows a consciousness of guilt, and the significance to be attached to his refusal, are matters for your determination.

In an unpublished memorandum opinion, the court of appeals relied on two prior appellate decisions, *Bright v. State* and *Finley v. State*,[2] to hold that because a refusal to take a breath test is admissible as evidence, and because the trial court instructed the jury that they should not rely solely on the evidence of the refusal to take a breath test, but should consider the appellant's refusal in the light of all other proven facts, the instruction did not express an opinion as to the weight of the evidence.[3] We do not agree.

## THE LAW

As a general rule, a trial court shall deliver to the jury a written charge distinctly setting

---

[2]
*Bright v. State,* 865 S.W.2d 135, 137 (Tex. App.—Corpus Christi 1993, pet. ref'd); *Finley v. State,* 809 S.W.2d 909, 913 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd).

[3]
*Bartlett v. State,* 2007 WL 2417367 (No. 13-06-00344-CR, Tex. App.—Corpus Christi, delivered Aug. 28, 2007) (slip op. at *2).

forth the law applicable to the case; it should not express any opinion as to the weight of the evidence, sum up the testimony, discuss the facts, or use any argument in its charge calculated to arouse the sympathy or excite the passions of the jury.[4] The jury is the exclusive judge of the facts proved, and of the weight to be given to the testimony, unless the law provides that the proof of any particular fact is to be taken as either conclusive or presumptive evidence of the existence of an ultimate fact, or where the law specifically directs that a certain degree of weight is to be attached to a particular item or species of evidence.[5] Outside of these statutorily recognized exceptions, a trial court should avoid any allusion in the jury charge to

---

[4]

    *See* TEX. CODE CRIM. PROC. art. 36.14 (" . . . the judge shall, before the argument begins, deliver to the jury, . . . a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury.").

[5]

    *See* TEX. CODE CRIM. PROC. art. 38.04 ("The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony, except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or where the law directs that a certain degree of weight is to be attached to a certain species of evidence."); *Brown v. The State*, 23 Tex. 195, 201 (1859) ("The jury are the exclusive judges of the weight to be given to every part of the testimony, whether for or against the prisoner; unless some part of the testimony has an artificial importance given to it by law, as the act of killing, unexplained, raises the presumption of the existence of another fact,—a malicious intent in the mind of the slayer; or, unless a certain degree of weight is attached to a certain species of evidence, as that 'a conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence, tending to connect the defendant with the offense committed.' Code Crim. Proc. art. 653. It is the duty of the court to instruct the jury upon these legal presumptions and degrees of weight, in particular, testimony, constituting these exceptions to the general rule; not because they may be in consonance with enlightened reason and experience, but because they are prescribed as rules of law, pertaining to the weight of evidence. So far only is the court required to enlighten the jury upon the weight to be given to the testimony.").

a particular fact in evidence, as the jury might construe this as judicial endorsement or imprimatur.[6]

There are three specific circumstances under which a trial court may single out a particular item of evidence in the jury instruction without signaling to the jury an impermissible view of the weight (or lack thereof) of that evidence. First, the trial court may specifically instruct the jury when the law directs it to attach "a certain degree of weight," or only a particular or limited significance, to a specific category or item of evidence.[7] A ready example is Article 38.14 of the Code of Criminal Procedure, which requires the testimony of an accomplice to be corroborated before it can support a conviction.[8] Another example would

---

[6] *See Brown v. The State*, *supra*, at 201-02 ("If the court should undertake to instruct, or even advise, the jury, as to the proper process of reasoning upon the facts, or as to the precautionary considerations to be borne in mind in coming to a proper conclusion upon the facts, by a dissertation, however it may be shaped, upon the nature and effect of evidence, his opinion upon the weight of the evidence may be infused into his charge upon the subject, and really influence the jury, by that mode of communicating it, as effectually, and sometimes more so, than a direct expression of it. The jury are bound to take the law from the court, and when the charge is made to embrace the rules of law and philosophic dissertations upon the nature of evidence, the jury are not always capable of distinguishing the one from the other. A charge, therefore, which extends beyond a plain statement of *law*, of the case, as required by the code, may invade the province of the jury, the full and independent exercise of which has been so plainly and earnestly sought to be protected by the legislature."); *Atkinson v. State*, 923 S.W.2d 21, 24 (Tex. Crim. App. 1996) ("We have interpreted the prohibition against judicial comment contained in [Articles 36.14 and 38.05] to forbid any discussion by the trial judge in the jury's presence of evidence adduced at trial which might suggest to the jury the judge's personal estimation of the strength or credibility of such evidence or which might tend to emphasize such evidence by repetition or recapitulation.").

[7] Article 38.04, *supra*; *Brown v. The State*, *supra*, at 201.

[8] Tex. Code Crim. Proc. art. 38.14.

be an instruction limiting the jury's consideration of a particular item of evidence to certain purposes, under Rule 105 of the Texas Rules of Evidence.[9] "[T]he receipt of evidence for a limited purpose would be impossible were the judge forbidden to indicate to the jury which evidence was subject to such limitation."[10]

Second, the Legislature has expressly required the trial court to call particular attention to specific evidence in the jury charge when the law specifically identifies it as a predicate fact from which a jury may presume the existence of an ultimate or elemental fact.[11] An example of such a statutory presumption can be found under Section 22.05 of the Penal Code, the deadly-conduct statute.[12] Under Section 22.05(c), recklessness and danger, two separate elements of the offense of deadly conduct, may each be presumed if a person knowingly points a firearm at or in the direction of another.[13]

Third, the trial court may instruct the jury with respect to evidence that is admissible

---

[9]

*See* TEX. R. EVID. 105(a) ("When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury appropriately[.]").

[10]

*Atkinson v. State*, *supra*, at 25.

[11]

*Id*. at 24; TEX. PENAL CODE § 2.05.

[12]

TEX. PENAL CODE § 22.05.

[13]

*Brown v. State*, 122 S.W.3d 794, 799-800, n.17 (Tex. Crim. App. 2003).

contingent upon certain predicate facts that it is up to the jury to decide.  For example,

> [w]hen the law specifically assigns to jurors the task of deciding whether certain evidence may be considered, as it does under [Article 38.23 of the Code of Criminal Procedure], it is essential that jurors be told exactly what evidence is in question.  Otherwise, they cannot pass upon its admissibility.  While this procedure may have the incidental effect of emphasizing certain evidence to the jury, that consequence simply cannot be avoided in a system which vests the jury with authority to decide some questions of admissibility.[14]

Under these circumstances, the law authorizes the singling out of particular evidence, and for the trial court to do so does not violate Article 36.14 or 38.04.

A judicial instruction that singles out a particular piece of evidence, but does not serve one of the legally authorized purposes set out above, risks impinging upon the "independence of the jury in its role as trier of the facts, a role long regarded by Texans as essential to the preservation of their liberties."[15]  Even a seemingly neutral instruction may constitute an impermissible comment on the weight of the evidence because such an instruction singles out that particular piece of evidence for special attention.[16]  In the instant case, the question is whether the trial court's seemingly neutral explanation of the law with respect to the admissibility of the refusal to take a breath test constituted such an impermissible comment.

---

[14] *Atkinson v. State*, *supra*, at 25.

[15] *Id*. at 24.

[16] *Matamoros v. State*, 901 S.W.2d 470, 477 (Tex. Crim. App. 1995).

Shortly before the court of appeals issued its opinion in this cause, the Fort Worth Court of Appeals held that an instruction regarding the use of evidence of a refusal to take a breath test constitutes an impermissible comment on the weight of evidence because it singles out a particular item of evidence.[17] In *Hess*, the trial court expressly instructed the jury that it "may consider the Defendant's refusal to submit to a breath test as evidence in this matter."[18] The court of appeals held that this instruction was objectionable, explaining:

> Through the instruction, the court commented on the evidence by effectively highlighting Hess's refusal to take the breath test. Although the jury was certainly free to consider Hess's refusal to submit to the test as evidence in the case, the court was not justified in singling out that specific piece of evidence and inviting the jury to pay particularized attention to it. Further, Hess's refusal to take the test did not constitute evidence that was entitled to special consideration under the law, nor did the instruction clarify the law in any way for the jury. Therefore, the instruction was wholly unnecessary, and the trial court erred in including it in the charge.[19]

For the reasons that follow, we agree with the Fort Worth Court of Appeals that an instruction to the jury with respect to the admissibility of a defendant's refusal to take a breath test constitutes an improper comment on the weight of the evidence.

---

[17] *Hess v. State*, 224 S.W.3d 511 (Tex. App. Fort Worth 2007, pet. ref'd). The court of appeals in the instant case did not cite the *Hess* opinion.

[18] *Id*. at 513.

[19] *Id*. at 515.

**ANALYSIS**

In the instant case, the trial court, without mentioning any of the other evidence introduced at trial, set out a lengthy explanation of the statute governing the admissibility of the evidence of appellant's refusal to take a breath test and also described the arguments of both parties regarding the significance of that evidence. To decide whether the trial court impermissibly commented on the weight of the evidence by singling out the evidence of the appellant's refusal to take a breath test, we must determine whether that evidence falls within one of the three permissible categories, described above, that would justify a jury instruction. We hold that evidence of the refusal to take a breath test falls into none of the above three categories.

First of all, although Section 724.061 of the Texas Transportation Code expressly allows the court to admit the evidence of a defendant's refusal to take a breath test, there is no statutory language that directs the jury to attach any special weight or significance to such evidence. That the statute expressly makes the evidence admissible does not, by itself, also authorize the trial court to single it out for the jury's particular attention.[20] A statute or rule

---

[20]

Indeed, it would be fair to ask why we need a special statute to render the refusal to submit to a breath test admissible. The relevance of such a refusal to show "consciousness of guilt" is fairly evident. And relevant evidence is always admissible unless otherwise provided by the Constitution, by statute, or by rule. TEX. R. EVID. 402. The predecessor to present Section 724.061 of the Transportation Code was originally enacted in 1983. *See* Acts 1983, 68ᵗʰ Leg., ch. 303, p. 1577, § 4, eff. Jan. 1, 1984. Perhaps it was meant to embody the legislative judgment that evidence of a refusal to submit to a breath test requested under the so-called "implied consent" statute, which is clearly relevant in a DWI prosecution, ought not be deemed inadmissible on the ground that its

that merely declares a certain species of evidence admissible without assigning any particular degree of weight to that evidence or otherwise limiting the scope of the jury's ability to consider it does not call for a jury instruction. Were it otherwise, trial courts would be authorized to instruct the jury, for example, that an out-of-court statement was admissible, notwithstanding its hearsay character, because it falls within one of the exceptions to the hearsay rule embodied in Rule 803 of the Rules of Evidence.[21] The mere existence of such a rule of evidence, explicitly making otherwise-objectionable evidence admissible, does not vest the trial court with discretion to so instruct the jury.

Nor does Texas law anywhere establish any presumption that arises in a DWI case from the defendant's refusal to take a breath test. Evidence of the appellant's refusal to submit to a breath test is relevant for precisely the reason that the trial court identified in the contested jury instruction, namely, that it tends to show a consciousness of guilt on his part. But Section 724.061 of the Transportation Code does not establish a legally recognized presumption of consciousness of guilt that follows from the fact of refusal. We are aware of no *other* statutory language that expressly authorizes the jury to presume a consciousness of guilt from the refusal to take a breath test. In the absence of such a legal presumption, it is

---

admission would violate any constitutional or statutory provision. That legislative judgment has since been borne out by the courts. *South Dakota v. Neville*, 459 U.S. 553 (1983); *Bass v. State*, 723 S.W.2d 687 (Tex. Crim. App. 1986); *Thomas v. State*, 723 S.W.2d 696 (Tex. Crim. App. 1986).

[21] TEX. R. EVID. 803.

improper for the trial court to instruct the jury with respect to inferences that may or may not be drawn from evidentiary facts to ultimate or elemental facts. Because a presumption of consciousness of guilt from the refusal to submit to a breath test "is not an explicit legal tool for the jury[,]"[22] it was error for the trial court to have instructed the jury with respect to available inferences that may derive from that evidence.

Finally, the admission of the appellant's refusal to take the breath test was not contingent on any other fact which a jury is charged by law to decide. Indeed, the law typically assigns to the judge, not the jury, the role of determining the admissibility of evidence.[23] Absent some express legal provision that *does* assign some role to the jury in the determination of what evidence may be considered, such as Article 38.22, Section 6, or Article 38.23(a) of the Code of Criminal Procedure,[24] to simply instruct the jury that certain evidence may be considered serves no legitimate purpose and needlessly calls its attention to that particular evidence to the derogation of all other evidence in the case. On its face, Section 724.061 of the Transportation Code does not involve the jury in the decision whether evidence of the refusal to take a breath test may be admitted for its consideration, and there

---

[22] *Brown v. State*, *supra*, at 803.

[23] Preliminary questions of admissibility are ordinarily assigned to the trial court to make under the Rules of Evidence. *See* TEX. R. EVID. 104(a) ("Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court[.]").

[24] TEX. CODE CRIM. PROC. art. 38.22, § 6; TEX. CODE CRIM. PROC. art. 38.23(a).

was no call for the trial court in this case to give a jury instruction on that account.

The State nevertheless argues that the instruction in this case, because it expressly left the jury free *either* to draw an inference of consciousness of guilt *or not*, was neutral in character and did not constitute a comment on the weight of the evidence. While this circumstance may have some bearing on a harm analysis, we do not think it insulates the instruction from error. Such an instruction, while neutral, does not inform the jury of anything it does not already know. As the court of appeals in *Hess* concluded, it did nothing to clarify the law.[25] It served no function other than to improperly "tend to emphasize" the evidence of the appellant's refusal to submit to a breath test "by repetition or recapitulation."[26] It had the potential to "obliquely or indirectly convey some [judicial] opinion on the weight of the evidence by singling out that evidence and inviting the jury to pay particular attention to it."[27]

## CONCLUSION

Based on the above analysis, we hold that a jury instruction informing the jury that it may consider evidence of a refusal to take a breath test constitutes an impermissible comment on the weight of the evidence. By singling out that evidence, the trial court violated Articles 36.14, 38.04, and 38.05 of the Code of Criminal Procedure and committed a jury-charge error.

---

[25] 224 S.W.3d at 515, *citing Brown v. State*, *supra*, at 801.

[26] *Atkinson v. State*, *supra*, at 24.

[27] *Brown v. State*, *supra*, at 801

The seemingly neutral language used in the instruction does not obviate the error. The court of appeals erred to hold that the trial court had discretion to give such an instruction.[28]

Accordingly, we reverse the judgment of the court of appeals and remand the cause for a harm analysis.[29]

Delivered: November 26, 2008
Publish

---

[28] The two cases that the court of appeals relied upon, *Bright v. State* and *Finley v. State*, are obviously distinguishable. *Bartlett v.* State, *supra* (slip op. at *2). In each case, the defendant contended that the trial court erred to deny his request to instruct the jury that it must *not* consider his refusal to take the breath test as evidence of his guilt. Such an instruction is utterly at odds with Section 724.016 of the Transportation Code, which allows the admission of such evidence. The respective courts of appeals properly upheld the denial of the requested charge. Neither case remotely supports the proposition that a trial court has discretion to instruct the jury that it *may* consider evidence of a defendant's refusal to submit to a breath test, notwithstanding our statutory prohibition against judicial comment on the weight of the evidence.

[29] Because the appellant specifically objected during the jury-charge conference that the instruction at issue constituted an impermissible comment on the weight of the evidence, the court of appeals should inquire whether the error caused him "some harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984); *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986).