**AFFIRM; and Opinion Filed June 28, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00629-CR

### VINCENT REED MCCAULEY, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the County Criminal Court No. 9
### Dallas County, Texas
### Trial Court Cause No. MB-1345533

## MEMORANDUM OPINION
Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

At issue in this appeal is whether admission of evidence that a defendant refused to provide a breath specimen after his arrest for driving while intoxicated (DWI) violates the Fourth Amendment to the United States Constitution. Based on the United States Supreme Court's recent opinion in *Birchfield v. North Dakota*, No. 14-1468, 2016 WL 3434398 (June 23, 2016), we conclude it does not. We affirm the trial court's judgment of conviction.

Appellant Vincent Reed McCauley was charged by information with his second DWI offense. He filed a motion to suppress, arguing that his refusal to provide a breath specimen was not admissible at trial because it would impermissibly punish him for exercising his Fourth Amendment rights. At the hearing on the motion to suppress, the parties stipulated to the following facts: Appellant was arrested for DWI and taken to jail; he was read the statutory warnings (DIC-24); and he was asked to provide a sample of his breath and refused. After the

trial court denied the motion to suppress, appellant pleaded nolo contendere. The trial court found appellant guilty and assessed punishment in accordance with a plea bargain agreement at 180 days in jail, probated for twenty months, and a $1,000 fine.

In a single issue on appeal, appellant contends the trial court erred in denying the motion to suppress evidence of his refusal to provide a breath sample. He argues that the warrantless seizure of his breath was unconstitutional under the Fourth Amendment, which protects individuals from unreasonable searches. *See* U.S. CONST. amend. IV; *State v. Betts*, 397 S.W.3d 198, 203 (Tex. Crim. App. 2013). When, as in this case, the facts are undisputed and the trial court's ruling on a motion to suppress turns on a pure question of law, we review the trial court's ruling de novo. *Dyar v. State*, 125 S.W.3d 460, 462 (Tex. Crim. App. 2003).

The administration of a breath test is considered a search. *Birchfield*, 2016 WL 3434398, at *12 (citing *Skinner v. Ry. Labor Execs. Ass'n*, 489 U.S. 602, 616–17 (1989)). The Texas implied consent statute provides that a person arrested for DWI is deemed to have consented to the taking of a breath specimen for analysis to determine blood alcohol concentration. TEX. TRANSP. CODE ANN. § 724.011(a) (West 2011). Despite this, a person has an absolute right to refuse to provide a specimen, subject to certain exceptions. *Id.* § 724.013 (West 2011); *State v. Villarreal*, 475 S.W.3d 784, 794–95 (Tex. Crim. App. 2015); *Fienen v. State*, 390 S.W.3d 328, 333 (Tex. Crim. App. 2012). Before asking a person to submit to the taking of a specimen, the officer must inform the person orally and in writing that, if the person refuses, that refusal may be admissible in a subsequent prosecution. TEX. TRANSP. CODE ANN. § 724.015 (West Supp. 2015). A defendant's refusal of an officer's request to submit to the taking of a breath specimen may be introduced into evidence at trial. *Id.* § 724.061 (West 2011). Such evidence is relevant because it tends to show a consciousness of guilt. *Bartlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008).

In *Birchfield*, the United States Supreme Court considered whether laws that make it a crime for a motorist to refuse to be tested after being lawfully arrested for DWI violate the Fourth Amendment. *Birchfield*, 2016 WL 3434398, at *5. *Birchfield* involved three consolidated cases with somewhat different facts; one involved the refusal of a blood test, one involved allegedly involuntary consent to a blood test, and one involved the refusal of a breath test. In the case involving a breath test, the defendant was arrested in Minnesota for driving while impaired. After he refused to take a breath test, he was charged under a state law that made it a crime to refuse to submit to a legally required blood alcohol concentration test. *Id.* at *10. The United States Supreme Court stated that success for all three petitioners depended on the proposition that the criminal law may not ordinarily compel a motorist to submit to the taking of a blood sample or a breath test unless a warrant authorizing the test is issued. If such warrantless searches comport with the Fourth Amendment, it follows that a State may criminalize the refusal to submit to the required testing. *Id.* at *12.

The Supreme Court considered whether the breath and blood tests were permissible under the exception to the warrant requirement for searches conducted incident to a lawful arrest. *Id.* at *14. In doing so, the Court examined the degree to which breath and blood tests intrude upon an individual's privacy and the degree to which the tests are needed for the promotion of legitimate governmental interests. *Id.* at *16. The Court determined that a breath test does not implicate significant privacy concerns for three reasons: 1) the physical intrusion is "almost negligible;" 2) a breath test results in a blood alcohol concentration reading on a machine and does not leave any sample in the possession of the police; and 3) participation in a breath test is not likely to cause any great enhancement in the embarrassment inherent in any arrest. *Id.* at *17–18. It further noted that laws criminalizing refusal were designed to provide an incentive to cooperate in DWI cases and therefore serve a very important function. *Id.* at *19. The Court concluded the

impact of breath tests on privacy is slight, and the need for the testing is great. *Id.* at \*25. It held that the Fourth Amendment therefore permits warrantless breath tests incident to arrests for drunk driving. *Id.* After reaching a different conclusion regarding blood tests, the Court still noted its approval of the general concept of implied consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply. *Id.* at \*26.

It follows from the Supreme Court's holding in *Birchfield* that because the Fourth Amendment did not require police to obtain a warrant to insist on a test of appellant's breath, admission of evidence of appellant's refusal would not violate the Fourth Amendment. *See id.* at \*27; *Rankin v. Tex. Dep't of Public Safety*, No. 13-15-00065-CV, 2016 WL 3136279, at \*5–7 (Tex. App.—Corpus Christi June 2, 2016, no pet. h.) (rejecting motorist's argument that he was penalized for exercising his Fourth Amendment right to refuse to provide a breath sample when his license was suspended); *see also South Dakota v. Neville*, 459 U.S. 553, 564 (1983) (evidence a defendant refused to submit to blood-alcohol testing does not violate the Fifth Amendment's privilege against self-incrimination). We likewise reject appellant's argument that transportation code section 724.061, which permits refusal evidence to be used at trial, is unconstitutional facially and as applied because it conflicts with the Fourth Amendment. *See Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015) (to successfully mount facial challenge to statute, defendant must establish that no set of circumstances exists under which statute would be valid). The trial court did not err in denying appellant's motion to suppress. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

150629F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VINCENT REED MCCAULEY, Appellant

No. 05-15-00629-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 9, Dallas County, Texas

Trial Court Cause No. MB-1345533.

Opinion delivered by Justice Brown, Justices Lang and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of June, 2016.