COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-09-018-CR

RICHARD AUSTIN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Richard Austin appeals his conviction by a jury and sentence of 180-days' confinement, probated, and $1,000 fine for Class A misdemeanor driving while intoxicated. In three points, he challenges the legal and factual sufficiency of the evidence and the prosecutor's jury argument. We affirm.

### Background Facts

The only evidence at trial was admitted through Officer Matt Coomer, who arrested appellant on May 9, 2004. In addition to Officer Coomer's

---

[1] ... *See* Tex. R. App. P. 47.4.

testimony, the State offered the in-car video and video taken at the station after appellant was arrested.

Officer Coomer testified that around 1:00 a.m. or 1:30 a.m. on May 9, 2004, he saw a white Grand Prix stopped at a red light on Highway 26 in North Richland Hills, Texas. When the light turned green, he "observed the driver's side tires touch the white line dividing the inside lane and the turn lane." The car then "accelerated rapidly, changed lanes in between two cars that were in the outside lane, [and] changed lanes into the outside lane without signaling its lane change." Twice, Officer Coomer observed the car's brake lights being activated while the car slowly decelerated, and "it appeared that it almost struck the vehicle that it was following." At that point, he decided to pull over the driver. He also observed the car traveling fifty-five in a forty mile per hour zone.[2]

Officer Coomer identified appellant as the driver. After appellant pulled over and Officer Coomer approached the car, Officer Coomer noticed that appellant's eyes were watery and bloodshot, and Officer Coomer "detected a strong odor of an alcoholic beverage coming from [appellants'] breath."

---

[2] ... Officer Coomer estimated the speed by "pacing" the car, i.e., "trying to keep the same distance behind it to where" the officer can gauge the car's approximate speed.

Appellant denied drinking that night. Officer Coomer went back to his car and called for a second unit; when he returned to appellant's car, appellant was chewing gum, which he had not been doing at first. Officer Coomer believed appellant was attempting to mask the smell of his breath.

Officer Coomer was trained in performing field sobriety tests. He performed a horizontal gaze nystagmus (HGN) test on appellant and observed six clues indicating intoxication. Appellant refused to do the walk-and-turn and one-leg-stand tests because he said he had a past neck injury. At that point, Officer Coomer placed appellant under arrest. During an inventory search of appellant's vehicle, Officer Coomer found an open, empty twelve ounce can of beer in the backseat on the passenger side. At the jail, Officer Coomer read appellant the statutory warnings, and appellant refused a breath test.

On cross-examination, Officer Coomer admitted, in the context of questioning regarding appellant's reasons for not attempting the walk-and-turn test, that "when he exited the vehicle he walked, what I would consider, normal." Appellant had told Officer Coomer that he could walk "leg to leg," but not heel to toe because of his neck injury. Officer Coomer also agreed that he did not think appellant's speech was slurred. He also agreed that appellant responded to all his questions at the scene although some of the responses were delayed. According to Officer Coomer, appellant swayed slightly when

3

he was performing the HGN and separated his feet. Officer Coomer also admitted that "[j]ust because a person smells like they have alcohol on their breath doesn't make them intoxicated."

Analysis - Legal and Factual Sufficiency

In his first and second points, appellant challenges the proof supporting the element of intoxication, i.e., that he did not have "the normal use of mental or physical faculties by reason of the introduction of alcohol into the body." Specifically, he points to Officer Coomer's testimony that his walk was normal, his speech was not slurred, and his sway was "barely noticeable." Appellant concedes that Officer Coomer testified on direct examination that appellant had watery, bloodshot eyes, failed the HGN test, had a strong odor of alcoholic beverage on his breath, and had attempted to mask that odor with chewing gum. But appellant contends that "[t]he officer's pro-intoxication testimony on direct examination relates to matters not subject to corroboration on the video. On cross-examination, the officer had to concede many points where the video supported the defense position." For instance, appellant can be seen arguing with Officer Coomer and another officer about whether he should take the field sobriety tests, indicating that he had a past neck injury that he feared would affect his performance.

4

Legal Sufficiency

Appellant contends that even though there are facts indicating he was intoxicated, as testified to by Officer Coomer, Officer Coomer himself later negated the State's case by conceding other facts that could support the conclusion that appellant was not intoxicated. But this is not how we view the evidence under the appropriate standard of review. A mere conflict in the evidence does not render a verdict legally insufficient; we must defer to the jury's resolution of conflicts in the evidence and may not reverse so long as the evidence is sufficient when viewed in the light most favorable to verdict. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *see* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Here, Officer Coomer observed appellant commit at least three traffic violations before stopping him, smelled a strong odor of alcoholic beverage on appellant's breath, noticed that appellant had bloodshot, watery eyes, and observed six clues of intoxication on the HGN test, which appellant appeared to be uncooperative about performing.[3] Additionally, the jury was entitled to

---

[3] On the video, Officer Coomer has to stop multiple times and remind appellant not to use his peripheral vision but to follow the pen with his eyes.

5

consider appellant's refusal to take a breath test as evidence of his consciousness of guilt. *Russell v. State*, 290 S.W.3d 387, 397 (Tex. App.—Beaumont 2009, no pet.); *see* Tex. Transp. Code Ann. § 724.061 (Vernon 1999) (providing for admissibility of refusal of breath or blood specimen); *Bartlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008). Accordingly, we conclude and hold that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt and, thus, that the evidence is legally sufficient. *See, e.g., Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979); *Compton v. State*, 120 S.W.3d 375, 379–80 (Tex. App.—Texarkana 2003, pet. ref'd); *Kimball v. State*, 24 S.W.3d 555, 560 (Tex. App.—Waco 2000, no pet.). We overrule appellant's first point.

Factual Sufficiency

Additionally, even considering that evidence in a neutral light, it is not so weak, nor the evidence to the contrary so overwhelming, that the verdict is clearly wrong or manifestly unjust. Although Officer Coomer testified that appellant did not exhibit some of the clues of intoxication, he testified that appellant did exhibit others. And many of the legally sufficient intoxication facts that Officer Coomer testified to cannot be corroborated on the video (i.e., watery, bloodshot eyes, the smell of alcoholic beverage on appellant's

breath). Moreover, a majority of the cross-examination of Officer Coomer pertained to matters on the videotape (Officer Coomer's observation of appellant's driving and encounter with him during the stop), which the jury was able to view. Although there was some evidence that could indicate appellant was not intoxicated, that evidence did not outweigh the evidence supporting a finding that appellant was intoxicated. Thus, we conclude and hold that the evidence is factually sufficient to support the verdict.

We overrule appellant's second point.

## Analysis - Jury Argument

In his third point, appellant contends that the prosecutor improperly commented during closing argument on his failure to testify in violation of the Fifth Amendment, Article I, section 10 of the Texas Constitution, and article 38.08 of the code of criminal procedure. Appellant points to the following argument:

| [State]: | Let's move on to mental faculties. I'm going to suggest to you Mr. Austin was not entirely truthful with the officers that night. In opening, Mr. Factor told you that Mr. Austin had been at Bell Bottom's that night drinking. |
| --- | --- |
| | Mr. Austin on the videotape - - and you can watch it again - - said he was coming from a friend's house. So which is it? Somebody here isn't being truthful. |

7

[Trial counsel]: Objection. Objection, Your Honor. That is a comment on his failure to testify because it puts a question in front of the jury that only the defendant can answer.

[The Court]: Sustained.

[Trial counsel]: Can we have the jury instructed to disregard?

[The Court]: The jury will disregard.

[Trial counsel]: Move for mistrial.

[The court]: Overruled.

[State]: I'm also going to suggest to you he wasn't being entirely truthful because he told the officer that he hadn't been drinking anything that night despite the strong odor of an alcoholic beverage that Officer Coomer told you about. There's also a beer can in his car. Was he drinking in the car while he was making all of those traffic violations - -

[Trial counsel]: Objection, again. Your Honor. Comment on the failure to testify, asking a question to the jury that only the defendant can answer.

[The court]: Overruled.

Appellant complains about the prosecutor's argument, not the trial court's denial of a mistrial. Because the trial court sustained appellant's trial counsel's first objection and instructed the jury to disregard, we will focus on the second objected-to part of the State's argument, referencing the beer can in the backseat. *See Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim.

8

App. 2004).[4]  Appellant contends the prosecutor was allowed to improperly comment on his failure to testify.

From the context of the argument, it appears that the prosecutor was pointing out inconsistencies in the evidence based on Officer Coomer's testimony about what appellant said and did and what the officer actually found at the scene.  Thus, the second argument falls into at least one permissible category:  reasonable deduction from the evidence.  *See Gallo v. State*, 239 S.W.3d 757, 767 (Tex. Crim. App. 2007), *cert. denied*, 128 S. Ct. 2872 (2008); *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  We overrule appellant's third point.

---

[4] Moreover, the first comment was not of such an extreme nature that a mistrial was warranted.  *See Hawkins,* 135 S.W.3d at 77; *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).

Having overruled appellant's three points, we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL:  LIVINGSTON, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 28, 2010