COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO.
2-09-018-CR

 

 

RICHARD AUSTIN                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                               STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

                                              ------------

Richard
Austin appeals his conviction by a jury and sentence of 180-days=
confinement, probated, and $1,000 fine for Class A misdemeanor driving while
intoxicated.  In three points, he
challenges the legal and factual sufficiency of the evidence and the prosecutor=s jury
argument.  We affirm.

Background Facts








The only
evidence at trial was admitted through Officer Matt Coomer, who arrested
appellant on May 9, 2004.  In addition to
Officer Coomer=s testimony, the State offered
the in-car video and video taken at the station after appellant was arrested.

Officer
Coomer testified that around 1:00 a.m. or 1:30 a.m. on May 9, 2004, he saw a
white Grand Prix stopped at a red light on Highway 26 in North Richland Hills,
Texas.  When the light turned green, he Aobserved
the driver=s side tires touch the white
line dividing the inside lane and the turn lane.@  The car then Aaccelerated
rapidly, changed lanes in between two cars that were in the outside lane, [and]
changed lanes into the outside lane without signaling its lane change.@  Twice, Officer Coomer observed the car=s brake
lights being activated while the car slowly decelerated, and Ait
appeared that it almost struck the vehicle that it was following.@  At that point, he decided to pull over the
driver.  He also observed the car
traveling fifty-five in a forty mile per hour zone.[2]








Officer
Coomer identified appellant as the driver. 
After appellant pulled over and Officer Coomer approached the car,
Officer Coomer noticed that appellant=s eyes
were watery and bloodshot, and Officer Coomer Adetected
a strong odor of an alcoholic beverage coming from [appellants=]
breath.@  Appellant denied drinking that night.  Officer Coomer went back to his car and
called for a second unit; when he returned to appellant=s car,
appellant was chewing gum, which he had not been doing at first.  Officer Coomer believed appellant was
attempting to mask the smell of his breath.

Officer
Coomer was trained in performing field sobriety tests.  He performed a horizontal gaze nystagmus
(HGN) test on appellant and observed six clues indicating intoxication.  Appellant refused to do the walk-and-turn and
one-leg-stand tests because he said he had a past neck injury.  At that point, Officer Coomer placed
appellant under arrest.  During an
inventory search of appellant=s
vehicle, Officer Coomer found an open, empty twelve ounce can of beer in the
backseat on the passenger side.  At the
jail, Officer Coomer read appellant the statutory warnings, and appellant
refused a breath test.








On
cross-examination, Officer Coomer admitted, in the context of questioning
regarding appellant=s reasons for not attempting the
walk-and-turn test, that Awhen he exited the vehicle he
walked, what I would consider, normal.@  Appellant had told Officer Coomer that he
could walk Aleg to leg,@ but not
heel to toe because of his neck injury. 
Officer Coomer also agreed that he did not think appellant=s speech
was slurred.  He also agreed that
appellant responded to all his questions at the scene although some of the
responses were delayed.  According to
Officer Coomer, appellant swayed slightly when he was performing the HGN and
separated his feet.  Officer Coomer also
admitted that A[j]ust because a person smells
like they have alcohol on their breath doesn=t make
them intoxicated.@

Analysis - Legal and Factual Sufficiency

In his
first and second points, appellant challenges the proof supporting the element
of intoxication, i.e., that he did not have Athe
normal use of mental or physical faculties by reason of the introduction of
alcohol into the body.@ Specifically, he points to
Officer Coomer=s testimony that his walk was
normal, his speech was not slurred, and his sway was Abarely
noticeable.@ 
Appellant concedes that Officer Coomer testified on direct examination
that appellant had watery, bloodshot eyes, failed the HGN test, had a strong
odor of alcoholic beverage on his breath, and had attempted to mask that odor
with chewing gum.  But appellant contends
that A[t]he
officer=s
pro-intoxication testimony on direct examination relates to matters not subject
to corroboration on the video. On cross-examination, the officer had to concede
many points where the video supported the defense position.@  For instance, appellant can be seen arguing
with Officer Coomer and another officer about whether he should take the field
sobriety tests, indicating that he had a past neck injury that he feared would
affect his performance.








Legal Sufficiency








Appellant
contends that even though there are facts indicating he was intoxicated, as
testified to by Officer Coomer, Officer Coomer himself later negated the State=s case
by conceding other facts that could support the conclusion that appellant was
not intoxicated.  But this is not how we
view the evidence under the appropriate standard of review.  A mere conflict in the evidence does not
render a verdict legally insufficient; we must defer to the jury=s
resolution of conflicts in the evidence and may not reverse so long as the
evidence is sufficient when viewed in the light most favorable to
verdict.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim.
App. 2007); see Tex. Code
Crim. Proc. Ann. art. 38.04 (Vernon 1979); Brown v. State, 270 S.W.3d
564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).  Here, Officer Coomer observed appellant
commit at least three traffic violations before stopping him, smelled a strong
odor of alcoholic beverage on appellant=s
breath, noticed that appellant had bloodshot, watery eyes, and observed six
clues of intoxication on the HGN test, which appellant appeared to be
uncooperative about performing.[3]  Additionally, the jury was entitled to
consider appellant=s refusal to take a breath test
as evidence of his consciousness of guilt. Russell v. State, 290 S.W.3d
387, 397 (Tex. App.CBeaumont 2009, no pet.); see
Tex. Transp. Code Ann. ' 724.061 (Vernon 1999)
(providing for admissibility of refusal of breath or blood specimen); Bartlett
v. State, 270 S.W.3d 147, 153 (Tex. Crim. App.
2008).  Accordingly, we conclude and hold that a rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt and, thus, that the evidence is legally sufficient. See, e.g., Annis
v. State, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979); Compton v. State,
120 S.W.3d 375, 379B80 (Tex. App.CTexarkana
2003, pet. ref=d); Kimball v. State, 24
S.W.3d 555, 560 (Tex. App.CWaco
2000, no pet.).  We overrule appellant=s first
point.

Factual Sufficiency








Additionally,
even considering that evidence in a neutral light, it is not so weak, nor the
evidence to the contrary so overwhelming, that the verdict is clearly wrong or
manifestly unjust.  Although Officer
Coomer testified that appellant did not exhibit some of the clues of
intoxication, he testified that appellant did exhibit others.  And many of the legally sufficient
intoxication facts that Officer Coomer testified to cannot be corroborated on
the video (i.e., watery, bloodshot eyes, the smell of alcoholic beverage on
appellant=s breath).  Moreover,
a majority of the cross-examination of Officer Coomer pertained to matters on
the videotape (Officer Coomer=s
observation of appellant=s driving and encounter with him
during the stop), which the jury was able to view.  Although there was some evidence that could
indicate appellant was not intoxicated, that evidence did not outweigh the
evidence supporting a finding that appellant was intoxicated.  Thus, we conclude and hold that the evidence
is factually sufficient to support the verdict.

We
overrule appellant=s second point.

Analysis - Jury Argument

In his
third point, appellant contends that the prosecutor improperly commented during
closing argument on his failure to testify in violation of the Fifth Amendment,
Article I, section 10 of the Texas Constitution, and article 38.08 of the code
of criminal procedure.  Appellant points
to the following argument:

[State]:              Let=s move on to mental
faculties.  I=m going to suggest to you
Mr. Austin was not entirely truthful with the officers that night.  In opening, Mr. Factor told you that Mr.
Austin had been at Bell Bottom=s that night drinking.

 

Mr. Austin on the videotape - - and you can watch it again - - said he
was coming from a friend=s house.  So which is it?  Somebody here isn=t being truthful.

 








[Trial counsel]:    Objection. 
Objection, Your Honor.  That is a
comment on his failure to testify because it puts a question in front of the jury
that only the defendant can answer.

 

[The
Court]:        Sustained.

[Trial
counsel]:    Can we have the jury
instructed to disregard?

[The
Court]:        The jury will disregard.

[Trial
counsel]:    Move for mistrial.

[The
court]:        Overruled.

[State]:              I=m also going to suggest
to you he wasn=t being entirely truthful
because he told the officer that he hadn=t been drinking anything that night despite the
strong odor of an alcoholic beverage that Officer Coomer told you about.  There=s also a beer can in his car.  Was he drinking in the car while he was
making all of those traffic violations - -

 

[Trial counsel]:    Objection, again.  Your Honor. 
Comment on the failure to testify, asking a question to the jury that
only the defendant can answer.

 

[The
court]:        Overruled.








Appellant
complains about the prosecutor=s
argument, not the trial court=s denial
of a mistrial.  Because the trial court
sustained appellant=s trial counsel=s first
objection and instructed the jury to disregard, we will focus on the second
objected-to part of the State=s
argument, referencing the beer can in the backseat.  See Hawkins v. State, 135
S.W.3d 72, 76B77 (Tex. Crim. App. 2004).[4]  Appellant contends the prosecutor was allowed
to improperly comment on his failure to testify.

From the
context of the argument, it appears that the prosecutor was pointing out
inconsistencies in the evidence based on Officer Coomer=s
testimony about what appellant said and did and what the officer actually found
at the scene.  Thus, the second argument
falls into at least one permissible category: 
reasonable deduction from the evidence. 
See Gallo v. State, 239 S.W.3d 757, 767 (Tex. Crim. App. 2007), cert.
denied, 128 S. Ct. 2872 (2008); Felder v. State, 848 S.W.2d 85, 94B95 (Tex.
Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro v.
State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  We overrule appellant=s third
point.








Having
overruled appellant=s three points, we affirm the
trial court=s judgment.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, MCCOY, and
MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 28, 2010











[1]See Tex. R. App. P. 47.4.





[2]Officer Coomer estimated
the speed by Apacing@ the car, i.e., Atrying to keep the same
distance behind it to where@ the officer can gauge the car=s approximate speed.





[3]On the video, Officer
Coomer has to stop multiple times and remind appellant not to use his
peripheral vision but to follow the pen with his eyes.





[4]Moreover, the first
comment was not of such an extreme nature that a mistrial was warranted.  See Hawkins, 135 S.W.3d at 77; Mosley
v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied,
526 U.S. 1070 (1999).