02-11-485-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00485-CR

 

 


 
 
 Christopher Daniel Lane
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 355th
District Court OF Hood COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          A
jury found Appellant Christopher Daniel Lane guilty of driving while
intoxicated (DWI) with a child passenger and assessed his punishment at
twenty-two months’ confinement in state jail.  See Tex. Penal Code Ann.
§ 49.045 (West 2011).  The trial court sentenced him accordingly.  In a
single point, Lane argues that the evidence was legally insufficient to prove
that he was intoxicated.

II.  Factual
and Procedural Background

          At
approximately 10:30 p.m. one night, Granbury Police Officer Richard Branum saw
a white truck turn right at an intersection without coming to a complete stop
at the red light.  Officer Branum turned on his patrol lights, which activated
the video recorder in his patrol car, and stopped the truck.  When he made
contact with the driver of the truck, Lane, the officer noticed that Lane’s
eyes were bloodshot and watery and could smell the odor of alcoholic beverage
on Lane’s breath.  Lane’s girlfriend, Joy Holder, and her thirteen-year-old
daughter, Tristan Sandifer, were passengers in the truck.

          Believing
that Lane might be intoxicated, Officer Branum asked Lane to get out of the
truck.  The officer testified that a Bud Ice beer bottle cap fell to the ground
when Lane stepped out, although this was not visible on the video.  Officer
Branum conducted field sobriety tests on Lane.  The officer observed six out of
six possible clues of intoxication from the HGN test,[2]
four clues on the walk-and-turn test, and no clues on the one-leg-stand test.  Officer
Branum arrested Lane.

          On
the drive to the jail, Lane called Officer Branum names and threatened to “kick
[his] ass” if he ever saw the officer out of uniform.  At the jail, Lane pulled
down his pants and made comments to jail staff about them wanting to see his
penis and look in his rectum area, and about the size of his testicles.  Lane
bent over, spread his “cheeks,” and asked the jail staff “if they wanted to
look up there, too.”  After Lane refused a blood test, Officer Branum submitted
paperwork for a mandatory blood withdrawal and took Lane to the Lake Granbury
Medical Center for the blood draw.  Thirty-four minutes after the traffic stop,
a phlebotomist drew Lane’s blood at the hospital.  A forensic scientist for the
Texas Department of Public Safety Crime Lab analyzed Lane’s blood sample and
determined that it had an alcohol concentration of .15 grams per 100
milliliters of blood.

          At
the trial, Officer Branum, the phlebotomist, and the forensic scientist testified
for the State, and the State introduced into evidence the videotape from
Officer Branum’s patrol car and the blood test results.  During the punishment
stage of the trial, the State called Texas Department of Public Safety Trooper
Shane Neal, who testified about Lane’s previous arrest for DWI twenty-five days
prior to his arrest for the instant offense.  Lane testified on his own behalf.

III.  Standard
of Review

In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v.
State, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Isassi, 330 S.W.3d at 638.  The trier of
fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270
S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075
(2009).  Thus, when performing an evidentiary sufficiency review, we may not
re-evaluate the weight and credibility of the evidence and substitute our
judgment for that of the factfinder.  Williams v. State, 235 S.W.3d 742,
750 (Tex. Crim. App. 2007).  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@  Hooper v. State, 214 S.W.3d 9,
16–17 (Tex. Crim. App. 2007).  We must presume that the factfinder resolved any
conflicting inferences in favor of the verdict and defer to that resolution.  Jackson,
443 U.S. at 326, 99 S. Ct. at 2793; Isassi, 330 S.W.3d at 638.

IV.  Sufficiency
of the Evidence

          Lane
argues in one point that insufficient evidence exists to prove that he was
intoxicated.  Specifically, he argues that the State did not present expert
testimony of retrograde extrapolation regarding the results of his
blood-alcohol test and that no other evidence logically raised an inference
that he was intoxicated at the time of driving.   

The
penal code defines intoxication as either “not having the normal use of mental
or physical faculties by reason of the introduction of alcohol” (the impairment
theory) or “having an alcohol concentration of 0.08 or more” (the per-se theory). 
Tex. Penal Code Ann. § 49.01(2) (West 2011).  The State is required to prove
only one of these definitions of intoxication.  See Bagheri v. State,
119 S.W.3d 755, 762 (Tex. Crim. App. 2003).  The court of criminal appeals has
explained, 

BAC-test results,
even absent expert retrograde extrapolation testimony, are often highly
probative to prove both per se and impairment intoxication. However, a BAC-test
result, by itself, is not sufficient to prove intoxication at the time of
driving. There must be other evidence in the record that would support an
inference that the defendant was intoxicated at the time of driving as well as
at the time of taking the test. . . .  Other evidence that would logically raise
an inference that the defendant was intoxicated at the time of driving as well
as at the time of the BAC test includes, inter alia, erratic driving,
post-driving behavior such as stumbling, swaying, slurring or mumbling words,
inability to perform field sobriety tests or follow directions, bloodshot eyes,
any admissions by the defendant concerning what, when, and how much he had been
drinking—in short, any and all of the usual indicia of intoxication. 

Kirsch
v. State, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010); see Stewart
v. State, 129 S.W.3d 93, 96 (Tex. Crim. App. 2004).  

Here,
the jury charge contained only the impairment theory of intoxication, and the
State relied on that theory at trial.  Lane points to Officer Branum’s
testimony that Lane did not demonstrate any clues on the one-leg-stand test and
only a “few clues” on the walk-and-turn test, that Lane was not speeding or
weaving while driving, and that he pulled his truck over “immediately and
without incident when the officer signaled him to pull over.”  But under the
applicable standard of review, viewing all of the evidence in the light most
favorable to the verdict, a rational trier of fact could have found beyond a
reasonable doubt that Lane was intoxicated when Officer Branum stopped him.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Isassi, 330 S.W.3d
at 638.  The results of Lane’s blood-alcohol test showed that his blood-alcohol
concentration was more than twice the legal limit thirty-four minutes after the
stop.  See Tex. Penal Code Ann. § 49.01(2)(B).  Even without retrograde
extrapolation, the results are probative and relevant under the impairment
theory of intoxication because they “‘tend to make it more probable that [Lane]
was intoxicated at the time of driving.’”  Kirsch, 306 S.W.3d at 744
(quoting State v. Mechler, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005)); Stewart,
129 S.W.3d at 96; Williams v. State, 307 S.W.3d 862, 868 (Tex. App.—Fort
Worth 2010, no pet.).  Moreover, Officer Branum testified that Lane had
bloodshot, watery eyes, that an odor of alcoholic beverage was coming from his
breath, that a beer bottle cap fell from Lane’s truck when he got out, and that
he exhibited several clues of intoxication during the field sobriety tests.  See
Kirsch, 306 S.W.3d at 745.  Officer Branum testified that, based on his
observations of Lane, he believed that Lane had lost the normal use of his
mental and physical faculties by reason of introduction of alcohol into his
system.  See Henderson v. State, 29 S.W.3d 616, 622 (Tex. App.—Houston
[1st Dist.] 2000, pet. ref’d) (“The testimony of a police officer that an
individual is intoxicated is probative evidence of intoxication.”).  According
to the court of criminal appeals, Lane’s refusal to provide a blood sample also
tends to show a consciousness of guilt on his part.  See Bartlett v.
State, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008) (“Evidence of the
[defendant’s] refusal to submit to a breath test . . . tends to show a
consciousness of guilt on his part.”); see also Tex. Transp. Code. Ann.
§ 724.061 (West 2011) (providing that refusal to give blood specimen is
admissible at trial).  Viewing the evidence in the light most favorable to the
verdict, as we must, we hold that the evidence is sufficient to support Lane’s
conviction for DWI with a child passenger, and we overrule his sole point.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Isassi, 330 S.W.3d
at 638.  

V.  Conclusion

Having
overruled Lane’s sole point, we affirm the trial court’s judgment.

 

 

SUE WALKER

JUSTICE

 

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 19, 2012








 









[1]See Tex. R. App. P. 47.4.





[2]Lane told Officer Branum that
he had an eye injury from being recently hit in the face with a beer bottle and
complained of pain when Officer Branum had Lane follow the officer’s finger
with his eye.  Officer Branum testified that he had checked Lane’s eyes for
equal tracking and equal pupil size prior to conducting the horizontal gaze
nystagmus (HGN) test to verify that he was a “candidate[].”