**Opinion issued October 27, 2016.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-16-00131-CR**

———————————

**JOHN DAVIS CAMPBELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Case No. 15CR0665**

---

## MEMORANDUM OPINION

A jury convicted appellant, John Davis Campbell, of the third-degree felony

offense of driving while intoxicated—third offense[1] and assessed his punishment at

nine years' incarceration in the Texas Department of Criminal Justice, Institutional

---

[1]     TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2015).

Division. In two issues, appellant argues that the evidence is insufficient to support his DWI conviction because (1) there was no evidence that he did not have the normal use of mental or physical faculties, and (2) the evidence failed to prove beyond a reasonable doubt the element of intoxication. We affirm.

## Background

Officer James Holley of the Clear Lake Shores Police Department testified that he initiated a traffic stop after observing appellant's vehicle traveling twelve miles over the posted speed limit. When he approached appellant's vehicle, Officer Holley noticed that appellant was speaking abnormally fast, exhibiting muscle tremors, and that appellant took an unusually long time to locate his license and insurance. Officer Holley also observed that appellant smelled strongly of alcohol, had slurred speech, and bloodshot eyes with constricted pupils. When asked if he had been drinking, appellant admitted to Officer Holley that he had just consumed two alcoholic drinks at a nearby bar.

These observations led Officer Holley to conduct three standardized field sobriety tests. Before the testing commenced, appellant informed Officer Holley that he had physical conditions that could affect his performance, i.e., swollen ankles, and a prior cataract surgery to his eyes and a head injury. A videotaped recording of the stop taken by Officer Holley's dash camera was played for the jury and admitted into evidence.

2

Officer Holley, who testified that he was trained to recognize signs of intoxication and to conduct field sobriety tests, administered the Horizontal Gaze Nystagmus (HGN) test first. According to Officer Holley, he observed four out of six possible clues in this test, which indicated that a depressant, such as alcohol, may have been in appellant's system. Officer Holley then conducted two further field sobriety tests: the walk-and-turn test and the one-legged stand. According to Officer Holley, appellant showed signs of intoxication during both tests. Specifically, Officer Holley testified that during the walk-and-turn test, he observed five of the eight possible clues: appellant was unable to keep his balance during the instructional phase, began too soon, stepped off the line, missed the heel-to-toe step, and turned improperly. Lastly, during the one-legged stand, appellant swayed, dropped his foot, and used his arms for balance, displaying three of the four possible clues.

Based on his observations and the results of the field sobriety tests, Officer Holley determined that appellant was intoxicated and he concluded that he had probable cause to arrest appellant for DWI. After placing appellant under arrest, Officer Holley searched appellant's right front pocket and found a methamphetamine pipe and a plastic bag containing a semi-translucent crystalline substance that was later determined to be methamphetamines.

Officer Holley then asked appellant to provide a specimen of his blood, and appellant consented. An analysis of appellant's blood showed the presence of both methamphetamines and alcohol. Specifically, a forensic scientist testified that she analyzed appellant's blood specimen for the presence of alcohol and that the results showed that appellant's blood contained 0.033 grams of alcohol per 100 milliliters of blood. She also testified about the normal absorption rate of alcohol into the blood stream, and concluded that appellant's blood alcohol level could have been higher when he was initially stopped by Officer Holley.

A toxicologist also testified that she analyzed appellant's blood sample for the presence or absence of drugs and that appellant's sample contained 0.07 milligrams per liter of the drug methamphetamine. Based on her training and experience, the toxicologist testified regarding the physical effects that methamphetamine has on the human body. In particular, the toxicologist testified that the first phase of methamphetamine use is characterized by feelings of "euphoria, increased alertness, [and] rapid speech," while the second phase has "depressing effects similar to that of alcohol; dizziness, lack of coordination, slurred speech and extreme fatigue." She also explained the synergistic effect that methamphetamine and alcohol would have on the human body and testified that while "methamphetamine may make [the user feel] less tired [when it's consumed with alcohol], the impairing effects may still be there."

**Discussion**

Appellant contends that the evidence is insufficient to support his DWI conviction because (1) there is no evidence that he did not have the normal use of mental or physical faculties, and (2) the evidence failed to prove beyond a reasonable doubt the element of intoxication.

**A.  Standard of Review and Applicable Law**

When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks*, 323 S.W.3d at 899; *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008). A jury may accept one version of the facts and reject another, and it may reject any part of a witness's testimony. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000), *overruled on other grounds*, *Laster v. State*, 275 S.W.3d 512 (Tex. Crim. App. 2009).

A person is guilty of DWI "if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2016). DWI is a third-degree felony if it is shown at trial that the defendant has previously

5

been convicted "two times of any other offense relating to the operating of a motor vehicle while intoxicated . . . ." *Id.* § 49.09(b)(2) (West Supp. 2016). The Penal Code defines "intoxicated" as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body" or "having an alcohol concentration of 0.08 or more." *Id.* § 49.01(2) (West 2011).

Intoxication can be proven through circumstantial evidence and without proof of the type of intoxicant. *See Gray v. State*, 152 S.W.3d 125, 132 (Tex. Crim. App. 2004) ("the substance that causes intoxication is not an element of the offense"); *Paschall v. State*, 285 S.W.3d 166, 177 (Tex. App.—Fort Worth 2009, pet. ref'd) (intoxication may be proved by circumstantial evidence). Generally, the testimony of an officer that a person is intoxicated provides sufficient evidence to establish intoxication. *See Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *see also Henderson v. State*, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (stating that officer's testimony that individual is intoxicated is probative evidence of intoxication). A lack of balance and slurred speech are also some evidence of intoxication. *Griffith v. State*, 55 S.W.3d 598, 601 (Tex. Crim. App. 2001); *see also Zill v. State*, 355 S.W.3d 778, 785 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (listing common indicators of

6

intoxication recognized by Court of Criminal Appeals, including slurred speech, bloodshot or glassy eyes, unsteady balance, a "staggering gait," and odor of alcohol on defendant's breath or person). Notably, "[e]ach fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

## B.    Analysis

Appellant contends that the evidence is insufficient to uphold his DWI conviction because the State failed to offer any evidence that the alcohol and methamphetamines in his body either separately, or together, caused him to lose the normal use of his mental or physical faculties.

The jury heard Officer Holley's testimony that he smelled alcohol on appellant's body and breath and he observed several other recognized indicators of possible intoxication, including blood shot eyes and slurred speech. *See Zill*, 355 S.W.3d at 785. Officer Holley further testified that, based on his observations, he concluded that appellant was intoxicated. *See Henderson*, 29 S.W.3d at 622. Further, there was undisputed evidence that appellant's blood specimen contained both methamphetamine and alcohol, and that appellant admitted to drinking alcohol at a nearby bar before driving.

Appellant's unsatisfactory performance on the field sobriety tests is also some evidence of intoxication. *Zill*, 355 S.W.3d at 786 ("A defendant's poor performance on the standardized field sobriety tests is further evidence of intoxication."). Officer Holley testified that he observed twelve out of eighteen possible clues, or signs of intoxication, when he administered the three field sobriety tests to appellant, including appellant's lack of coordination and balance and his inability to follow the officer's directions. Although appellant contends that field sobriety tests are "a farce and a tool for over-zealous police officers," courts routinely rely upon these tests as indicators of intoxication in DWI cases. *See Emerson v. State*, 880 S.W.2d 759, 769 (Tex. Crim. App. 1994) (concluding that HGN test was reliable indicator of intoxication); *see also Finley v. State*, 809 S.W.2d 909, 913 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) ("Texas courts consistently uphold DWI convictions based upon the opinion testimony of police officers who observed the defendant's unsatisfactory performance in field sobriety tests.").

Appellant challenges Officer Holley's credibility and argues that the video contradicts the officer's testimony that appellant's speech was slurred. When asked to explain the alleged discrepancy between his testimony and the video during cross-examination, Officer Holley testified that he heard appellant slur his words, even if the video did not capture these sounds due to the poor quality of the audio. The jurors were in the best position to evaluate Officer Holley's credibility and

determine how much weigh to give his testimony and we defer to their resolution of these issues. *See Brooks*, 323 S.W.3d at 899; *Bartlett*, 270 S.W.3d at 150.

Appellant also argues that his performance on the field sobriety tests could have been due to appellant's cataract surgery, prior head injury, and swollen ankles. The video was admitted into evidence and the jurors could decide for themselves whether appellant's behavior during the stop and his performance on the tests, as depicted on the video, appeared to be the result of his physical conditions or intoxication. *See Zill*, 355 S.W.3d at 788.

Appellant also disputes the basis for Officer Holley's opinion that appellant was intoxicated, arguing that appellant's methamphetamine usage resulted in his increased alertness, not impairment. A person is intoxicated, as defined by the Penal Code, if that person does not have "the normal use of mental *or* physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body." TEX. PENAL CODE ANN. § 49.01(2)(a) (emphasis added). The toxicologist testified that while "methamphetamine may make [the user feel] less tired [when it's consumed with alcohol], the impairing effects may still be there." Furthermore, even though appellant argues that there is some evidence that his *mental* acuity and alertness were enhanced by his methamphetamine usage, there is also evidence of *physical* impairment, i.e., appellant's lack of coordination and balance, slurred

9

speech, and muscle tremors. *See Hooper*, 214 S.W.3d at 13 (stating that "[e]ach fact need not point directly and independently to the guilt of the appellant"); *Zill*, 355 S.W.3d at 785 (identifying lack of balance and slurred speech as indicators of alcohol intoxication).

After considering all of the evidence in the light most favorable to the verdict and deferring to the trial court's determinations regarding the weight and credibility of the evidence, we hold that a rational fact finder could have found beyond a reasonable doubt that appellant was intoxicated at the time he was stopped by Officer Holley. *See Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. We overrule appellant's sufficiency challenges.

## Conclusion

We affirm the trial court's judgment.


Russell Lloyd
Justice


Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).