**Opinion issued October 22, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00853-CR

_____

**ERICK TORRES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 337th District Court
Harris County, Texas
Trial Court Case No. 1539069

## MEMORANDUM OPINION

A jury convicted appellant, Erick Torres, of continuous sexual abuse of a young child[1] and assessed punishment at 25 years' confinement. In a single issue on appeal, appellant contends that the evidence is legally insufficient to show that

---

[1]    *See* TEX. PENAL CODE § 21.02.

he committed two or more acts of sexual abuse during a period of more than 30 days. We affirm.

## BACKGROUND

In September 2016, John,[2] who was eight years old at the time, complained to his mother that "his little rear end was hurting him like when [appellant] had touched him." Appellant was a friend of John's older brother and had previously lived near John's family in an apartment complex from "about 2015 or 2014" until "December of 2015."

Disturbed at John's statement, his mother questioned him further and then called the police. John told the police about three events that the officer initially understood to have occurred in March 2016.[3] On the first occasion, John was playing videogames at appellant's apartment when appellant turned off the game and told John that if he wanted to keep playing he needed to pull down his pants. When John did so, appellant put his penis in John's rear end. On the second occasion, John's mother allowed appellant to take John to a nearby Taco Bell and GameStop, where appellant bought John a game for his birthday. Once again, appellant turned off the game and told John to pull down his pants. Again, appellant penetrated John

---

[2] We use a pseudonym to protect the identity of the minor victim. *See* TEX. CODE CRIM. PROC. art. 52.07.

[3] It is unlikely that these events occurred in March 2016 because the evidence shows that appellant had moved away from the complex in December 2015.

anally. On the third occasion, John testified about a time that he and his mother went over to appellant's apartment and had dinner with appellant and his father. After dinner, appellant and John went to appellant's bedroom to play games and again, appellant turned off the game and penetrated John anally.

John's mother testified about another occasion that John told her about, during which appellant raped him in his own apartment when his mother left them there alone to go pay her rent. And, John himself testified at trial about even more occurrances; one occurring in the laundromat of the apartment complex and several other instances when appellant forced him to perform oral sex.

When questioned by police, appellant said that John was a "good kid" and that he knew him because John and his brother used to come over and play videogames. When police told appellant the nature of their investigation, appellant said, "That's why I don't like hanging out with kids, because they lie. And [John] makes up lies all the time." Appellant admitted that he and John's brother would get drunk and smoke kush and marihuana mixed together so that he could not remember what he did or how he acted. He said that there was one time that John came to his apartment and that he could not remember what happened. He stated, "Something might have happened. I can't tell you. I can't talk about it because I don't know."

A jury convicted appellant of continuous sexual abuse of a young child and this appeal followed.

3

# LEGAL SUFFICIENCY

In his sole issue on appeal, appellant contends the evidence "is legally insufficient to find beyond a reasonable doubt that the Appellant committed two or more acts of sexual abuse during a period that is 30 or more days in duration." Specifically, appellant contends that "the evidence presented at best establish[es] that an incident of sexual abuse occurred in October 2015, and although there were other incidents of sexual abuse testified to, the Complainant wasn't able to testify when any of the other incidents occurred."

*Standard of Review*

When reviewing the sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011). The jurors are the exclusive judges of the facts and the weight to be given to the testimony. *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008). We may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We afford almost complete deference to the jury's credibility determinations. *See Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We resolve any inconsistencies in the evidence in favor of the verdict.

4

*Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000); *see also Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) ("When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination.").

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011) (quoting *Clayton*, 235 S.W.3d at 778). "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

*Applicable Law*

To establish that appellant committed the offense of continuous sexual abuse of a child, the State was required to prove that he, during a period of time thirty or more days in duration, committed at least two acts of sexual abuse against a child younger than fourteen years of age, while appellant was at least seventeen years of age at the time of each of the acts. *See* TEX. PENAL CODE § 21.02(b). An "act of sexual abuse" is defined as including an act that constitutes the offense of aggravated sexual assault. *Id.* § 21.02(c)(4); *see id.* § 22.021(a)(1)(B) (enumerating acts that constitute offense of aggravated sexual assault, including causing penetration of

5

child's anus or sexual organ, causing penetration of child's mouth by actor's sexual organ, and causing child's sexual organ, anus, or mouth to contact or penetrate mouth, anus, or sexual organ of another person). The State need not prove the exact dates of the abuse, only that "there were two or more acts of sexual abuse that occurred during a period that was thirty or more days in duration." *Buxton v. State*, 526 S.W.3d 666, 676 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (quoting *Brown v. State*, 381 S.W.3d 565, 574 (Tex. App.—Eastland 2012, no pet.)); *Lane v. State*, 357 S.W.3d 770, 773–74 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (stating that factfinder not required to agree on exact dates that acts of sexual abuse were committed).

*Analysis*

In *Smith v. State*, 340 S.W.3d 41, 48 (Tex. App.—Houston [1st Dist.] 2011, no pet.), a continuous sexual abuse case, the victim testified that one assault occurred during the summer when her mother was pregnant with twins and that the sexual abuse stopped when the twins were born in November of the same year. *Id.* This Court held that this evidence was sufficient to show that the abuse occurred for a period of time exceeding 30 days. *Id.* at 49. "Although the complainant did not know the precise dates of the events, her description of the ongoing sexual assaults is precisely what the Legislature intended to address when this statute was enacted." *Id.*

6

As in *Smith*, the complainant in this case could not remember the dates of the multiple occurrences alleged, but, the record supports the jury's finding that the assaults occurred over a period of more than 30 days. There was evidence that appellant lived near John's family for over a year, until December 2015. When questioned about the timing of the assaults, John's mother testified as follows:

> Q: Where did you get your date of March when this was supposed to have happened? Where did you get the date March?
>
> A: Okay. Because that's when my son told me that this had happened, that's what he remembered.
>
> Q: This is 2016?
>
> A: I believe that it was in 2015. It was in 2016 that he told me it had happened.

There is also evidence in the record that the "Taco Bell/GameStop" event occurred around the time of John's eighth birthday on October 13, 2015. John's mother also testified that "when it was his birthday, my son turned eight years old on October 13th there where I lived at the Royal, that it had already happened," thus suggesting that assaults had occurred even before October 13, 2015. And, when John was asked, "What do you think made [appellant] stop [molesting you]," John replied, "He moved from the apartment." There was evidence that appellant moved away from the apartment complex in December 2015.

Thus, the State presented evidence from which the jury could rationally conclude that appellant performed acts constituting sexual abuse against John in

7

March 2015, on or near John's eighth birthday in October 2015, and that appellant stopped assaulting John when appellant moved out of the apartment complex in December 2015.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have reasonably concluded beyond a reasonable doubt that appellant committed at least two acts of sexual abuse against John during a period of time that was thirty or more days in duration. *See* TEX. PENAL CODE § 21.02(b); *Brown*, 381 S.W.3d at 574; *see also Machado v. State*, No. 02-15-00365-CR, 2016 WL 3962731, at *3 (Tex. App.—Fort Worth July 21, 2016, pet. ref'd) (mem. op., not designated for publication) ("The record contains evidentiary puzzle pieces that the jury could have carefully fit together to rationally find beyond a reasonable doubt that appellant's sexual abuse of [victim] occurred over a period of thirty days or more.") (citing and quoting *Flowers v. State*, 220 S.W.3d 919, 923 (Tex. Crim. App. 2007) ("The trier of fact fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece.")).

We overrule appellant's sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).