**Affirmed and Majority and Concurring Opinions filed June 9, 2022.**



**In The**

# Fourteenth Court of Appeals

_____

### NO. 14-21-00133-CR

_____

**THE STATE OF TEXAS, Appellant**

**V.**

**LARRY LANIER LAUSCH, Appellee**

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 15CR3088**

## C O N C U R R I N G   O P I N I O N

By mere inadvertence, a two-page excerpt from an appellate court opinion was attached to one of two jury charges when the jury retired to deliberate. Although the content of the excerpt did not bear directly on any disputed matter the jury was tasked with deciding, one juror testified that the excerpt influenced his deliberations, though he did not say how. Ultimately, the trial judge decided to afford appellee a new trial. Under the present circumstances, I agree with my colleagues that we should not disturb the trial court's decision.

The first question is whether a court errs by inadvertently attaching to a jury charge a case law excerpt discussing an abstract legal principle on an issue the jury need not address to properly render a verdict. In his motion for new trial, appellee requested a new trial because the court "misdirected the jury about the law or has committed some other material error likely to injure the defendant's rights." Tex. R. App. P. 21.3(b). At the hearing, appellee argued that by attaching the excerpt to the charge, the court commented on the weight of the evidence.[1]

The trial court must maintain neutrality in informing and guiding the jury. *See De La Torre v. State*, 583 S.W.3d 613, 617 (Tex. Crim. App. 2021) (citing *Brown v. State*, 122 S.W.3d 794, 798, 801 (Tex. Crim. App. 2003)). Assisting in this function is the jury charge, which: (1) must be in writing; (2) must "distinctly set[ ] forth the law applicable to the case"; (3) cannot "express[ ] any opinion as to the weight of the evidence"; (4) may "not sum[ ] up the testimony"; and (5) cannot "discuss[ ] the facts or us[e] any argument in [the] charge calculated to arouse the sympathy or excite the passions of the jury." Tex. Code Crim. Proc. art. 36.14; *see De La Torre*, 583 S.W.3d at 617. Among article 36.14's objectives is preventing a jury from interpreting a judge's comments as a judicial endorsement or imprimatur for a particular outcome. *See Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008) ("[A] trial court should avoid any allusion in the jury charge to a particular fact in evidence, as the jury might construe this as judicial endorsement or imprimatur."). To ensure compliance with article 36.14 and maintain neutrality, the court may not express any opinion on the weight of the evidence or draw the jury's attention to particular facts. *See De La Torre*, 583 S.W.3d at 617.

---

[1] We may affirm the order only on grounds appellee asserted in his motion for new trial and at the hearing without objection by the State. *See State v. Zalman*, 400 S.W.3d 590, 594 (Tex. Crim. App. 2013); *Clarke v. State*, 270 S.W.3d 573, 580-81 (Tex. Crim. App. 2008). At the hearing, the State did not object to appellee's comment-on-the-weight-of-the-evidence argument.

The Court of Criminal Appeals has recognized three circumstances under which "a trial court may single out a particular item of evidence in the jury instruction without signaling to the jury an impermissible view of the weight (or lack thereof) of that evidence." *Bartlett*, 270 S.W.3d at 151.[2] An instruction that alludes to a particular piece of evidence, but does not serve one of these purposes, "risks impinging upon the independence of the jury in its role as trier of the facts, a role long regarded by Texans as essential to the preservation of their liberties." *Id.* at 151-52. Even a "seemingly neutral instruction" that singles out a particular piece of evidence for "special attention" may constitute an impermissible comment on the weight of the evidence. *De La Torre*, 583 S.W.3d at 617; *Bartlett*, 270 S.W.3d at 152; *see Kirsch v. State*, 357 S.W.3d 645, 652 (Tex. Crim. App. 2012) ("An instruction, albeit facially neutral and legally accurate, may nevertheless constitute an improper comment on the weight of the evidence.").

The trial court presented the jury with a separate charge for each of two counts. The opinion excerpt was attached to the written charge for one count but not the other. Appellee argues that the excerpt drew the jury's attention to the particular (undisputed) fact that the police lost the videotapes of the officers' interviews of the complainant's parents. The excerpt was not a jury "instruction" and did not specifically reference any particular fact in *this* case; rather, it discussed the legal concept of spoliation in another case and applied that principle to the facts of that other case. The jury was not being asked to apply spoliation principles here, and appellee agrees the trial court correctly refused his requested

---

[2] The trial court may specifically instruct the jury: (1) when the law directs it to attach "a certain degree of weight," or only a particular or limited significance, to a specific category or item of evidence; (2) when the Legislature has expressly required the trial court to call particular attention to specific evidence in the jury charge when the law specifically identifies it as a predicate fact from which a jury may presume the existence of an ultimate or elemental fact; or (3) with respect to evidence that is admissible contingent upon certain predicate facts that are up to the jury to decide. *Id.*

spoliation instruction. Still, language in a jury charge that alludes to a specific fact, even in a non-specific way, such as the absence of a videotape recording, may constitute an impermissible comment on the weight of the evidence because it is an indirect reference to the fact and might be construed as judicial endorsement or imprimatur. I agree that the trial court's inadvertent attachment of this particular case law excerpt constituted error under the present circumstances.

Further, I conclude the error is fairly characterized as charge error. The court must deliver a "written charge" and read it to the jury. *See* Tex. Code Crim. Proc. art. 36.14. The jury charge is to "'inform the jury of the applicable law and guide them in its application to the case.'" *De La Torre*, 583 S.W.3d at 617 (quoting *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996)). Jury charge error results when the charge does not correctly set forth the law "applicable to the case." *See Bell v. State*, 635 S.W.3d 641, 645 (Tex. Crim. App. 2021) (jury charge error stems from the denial of a defendant's right to have the trial court provide the jury with instructions correctly setting forth the "law applicable to the case"). Here, the appellate court opinion excerpt was part of a written charge because it was physically attached to of one of two written charges, even though it was not read to the jury. Further, the matter of evidence spoliation as discussed in the opinion excerpt was not applicable to this case.

Though not raised by appellee as a ground for new trial, I might further suggest that attaching the excerpt was error due to the likelihood of jury confusion. To begin with, case law should not be attached to a jury charge at all. But presenting a portion of case law to jurors that explains and applies a legal concept the jury is not being asked to address is an even greater invitation for jury confusion. This specific excerpt was likely to mislead or confuse, not only because it is a case law excerpt, but because it applies a legal principle in another case

when the jury is not being asked to apply that principle here. The excerpt alluded to a certain fact and discussed that fact in a context the jury was not likely to understand. "[I]t is the function of the charge to lead and to prevent confusion." *Reeves v. State*, 420 S.W.3d 812, 818 (Tex. Crim. App. 2013). Inapplicable law in a jury charge can present a danger of confusion and risks harm because a jury might erroneously think it is supposed to apply that law in its decision-making process. *See Smith v. State*, 577 S.W.3d 548, 553-54 (Tex. Crim. App. 2019). For example, when a charge contains a legal instruction applicable to some issues but not others, a court generally must give an appropriate limiting instruction to avoid jury confusion. *See id.*

Because appellee's motion for new trial complained of charge error under rule 21.3(b), the appropriate harm analysis is under *Almanza* even when, as here, the trial court granted the motion. *See State v. McKnight*, 213 S.W.3d 915, 916 (Tex. Crim. App. 2007) (motion for new trial granted); *Igo v. State*, 210 S.W.3d 645, 647 (Tex. Crim. App. 2006) (motion for new trial denied). We must remain cognizant that the goal is to discern whether the error was "'calculated to injure the rights of [the] defendant.'" *French v. State*, 563 S.W.3d 228, 237 (Tex. Crim. App. 2013) (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g)). This means that courts must ask whether the defendant has suffered "some actual, rather than [merely] theoretical harm from the error," *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986); that is, whether the error "actually affected" the outcome. *Ross v. State*, 133 S.W.3d 618, 624 (Tex. Crim. App. 2004); *Saunders v. State*, 817 S.W.2d 688, 690 (Tex. Crim. App. 1991).

A correct charge is critical to the jury's deliberations. Jury charge error that is likely to confuse or mislead can weigh in favor of "some" harm under *Almanza*. *See Smith v. State*, 612 S.W.3d 711, 719-20 (Tex. App.—Houston [14th Dist.]

5

2020, no pet.); *see also Reeves*, 420 S.W.3d at 819. The opinion excerpt rendered an otherwise appropriate jury charge misleading. The excerpt was attached to one of the written charges and was before the jury for consideration during its deliberations. Looking at the entire charge in context, I note that the court also instructed the jury that it was "bound to receive the law from the Court," included within the charge, and it was to be "governed thereby." Given the excerpt's content together with its attachment to the charge, coupled with our assumption that jurors follow written instructions, *Reeves*, 420 S.W.3d at 818, the jury reasonably could have deliberated under the erroneous impression that the excerpt "governed" its fact-finding function. Proceeding under such a misimpression, it would be understandably difficult for a reasonable factfinder to comprehend *why* this particular opinion excerpt was attached and *how* it applied. Moreover, that the excerpt's content was not read to the jury before it retired would only exacerbate the confusion, as would the fact that the excerpt was attached to only one of the two charges the jury considered. Viewing the error in the context of both written charges, I conclude that this *Almanza* factor weighs in favor of some harm.

Most jurors either did not read the excerpt or ignored it. However, it was read by two jurors, one of whom said that it influenced his deliberations. The record does not indicate precisely how the juror's deliberations were affected, but the record is suggestive of confusion, and given that the trial judge observed the juror's testimony, we should defer to his evaluation of it. A juror's unobjected-to testimony that a case law excerpt such as this one erroneously attached to one of the jury charges influenced his deliberations is sufficient to cross the line from theoretical to actual harm because the error had an "actual effect" on deliberations. *See Saunders*, 817 S.W.2d at 690; *see also Ross*, 133 S.W.3d at 624; *Loun v. State*, 273 S.W.3d 406, 418 (Tex. App.—Texarkana 2008, no pet.) (concluding some

6

harm resulted from charge error when juror testimony confirmed the error influenced deliberations). In my view, this relevant information weighs significantly in favor of some harm. I cannot say with "fair assurance" that the error did not have an "injurious effect or influence in determining the jury's verdict." *Trevino v. State*, 100 S.W.3d 232, 243 (Tex. Crim. App. 2003).

I am skeptical, however, that appellee's other arguments favor a conclusion that he suffered actual harm because of the charge error. Mainly, he says some harm resulted from the excerpt because it diminished his defensive theory that he was denied a fair trial due to law enforcement's inept handling and investigations and its failure to preserve evidence. It is unclear to me how this is so. To the extent the excerpt drew attention to the fact that the police lost video recordings of witness interviews, that fact would advance appellee's defensive theory, not undermine it. Be that as it may, the record before us is sufficient to show that appellee suffered at least some actual harm from the charge error, and therefore I support the trial court's decision to afford appellee a new trial.

As an aside, I wonder whether sending the jury back for further deliberations upon discovery of the error may have avoided the potential for harm. The trial judge first realized the error when the jury returned its verdict. He removed the jury from the courtroom and asked counsel to approach. The conversation that followed is not contained in our record. The jury was brought in, and the court then received the verdicts. Might any harm have been pre-emptively addressed by, before receiving the verdicts, instructing the jury to disregard the two-page case law excerpt and then directing it to begin deliberations anew? With these thoughts, I concur in the court's judgment.


/s/     Kevin Jewell
        Justice


Panel consists of Justices Jewell, Bourliot, and Poissant (Poissant, J., majority).
Publish — Tex. R. App. P. 47.2(b).